**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Peter J. KONDOS, Defen-
dant-Appellant.**

**No. 74–1619.**

United States Court of Appeals,
Seventh Circuit.

Argued Oct. 23, 1974.

Decided Jan. 20, 1975.

David Walther, Milwaukee, Wis., Leslie Foschio, Notre Dame, Ind., for defendant-appellant.

William J. Mulligan, U. S. Atty., Joseph P. Stadtmueller, Asst. U. S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before SWYGERT, Chief Judge, and CASTLE and KILKENNY,* Senior Circuit Judges.

PER CURIAM.

Defendant Peter J. Kondos pleaded nolo contendere to wilfully evading income taxes in violation of 26 U.S.C. § 7201, and a judgment of guilty was entered on the plea. On appeal, the defendant complains of pre- and post-indictment delays, and also argues that the district court erred in denying his motion to suppress certain evidence. We do not decide these issues, however, because the defendant's plea has waived his right to appeal all nonjurisdictional defects in the proceedings.

The record reveals, and the defendant does not assert otherwise, that at the time of the plea the defendant recognized that a plea of nolo contendere, like a plea of guilty, would waive all nonjurisdictional defects in the proceedings. See Tollett v. Henderson, 411 U.S. 258, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973); McGrath v. United States, 402 F.2d 466, 467 (7th Cir. 1968); 1 C. Wright, Federal Practice and Procedure § 177, at 387–388 (1969). The defendant now seeks to avoid the impact of that rule by contending that his plea was conditioned on his right to appeal. The defendant relies on decisions in which the courts have reached the merits where the plea entered below was conditioned on the availability of an appeal. See, e. g., United States v. Mendoza, 491 F.2d 534 (5th Cir. 1974); United States v. Rothberg, 480 F.2d 534 (2d Cir.), cert. denied 414 U.S. 856, 94 S.Ct. 159, 38 L.Ed.2d 106 (1973); United States v. Cox, 464 F.2d 937 (6th Cir. 1972).

We express no opinion as to the propriety of accepting "conditional" pleas because we cannot conclude that the defendant pleaded nolo contendere on the condition that his right to appeal was preserved or that he was induced to believe that an appeal would lie. At the change of plea proceedings, the government attorney stated, without objection from the defendant, that the availability of an appeal was not part of the plea bargain. Moreover, the Government expressly stated in open court that it would not consent to the preservation of the defendant's right to appeal. Finally, it was the district court's position that although it would accept the nolo contendere plea, the defendant proceeded at his own peril without agreement or assurance from anyone that an appeal would be permitted. The present case is therefore unlike United States v. Brown, 499 F.2d 829 (7th Cir.), cert. denied, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640 (1974) because the district court here did

* Senior Circuit Judge John F. Kilkenny of the United States Court of Appeals for the Ninth Circuit sitting by designation.

not hold out any reason for the defendant to believe that he was pleading nolo contendere subject to the right of appeal. Thus, there is here no possible failure of consideration within the plea bargaining process. *Cf.* Santobello v. New York, 404 U.S. 257, 262, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971).

Accordingly, we find that the plea of nolo contendere was voluntarily and intelligently entered, and that the defendant's plea waived his right to raise on appeal alleged nonjurisdictional defects. McGrath v. United States, *supra;* United States v. Selby, 476 F.2d 965 (2d Cir. 1973); United States v. Matthews, 472 F.2d 1173 (4th Cir. 1973); United States v. Clark, 459 F.2d 977 (8th Cir.), cert. denied, 409 U.S. 880, 93 S.Ct. 209, 34 L.Ed.2d 135 (1972). The appeal is therefore dismissed.

Appeal dismissed.