**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**MICHIGAN CARTON COMPANY,
Defendant-Appellant.**

**No. 76–1751.**

United States Court of Appeals,
Seventh Circuit.

Argued Nov. 30, 1976.

Decided March 28, 1977.

George D. Crowley, Chicago, Ill., H. Richard Wachtel, New York City, for defendant-appellant.

James F. Ponsoldt, Atty., Dept. of Justice, Washington, D. C., Samuel K. Skinner, U. S. Atty., Chicago, Ill., for plaintiff-appellee.

Before FAIRCHILD, Chief Judge, CASTLE, Senior Circuit Judge, and PELL, Circuit Judge.

CASTLE, Senior Circuit Judge.

The Government indicted Michigan Carton Company ("Michigan Carton"), a Michigan corporation, and St. Regis Paper Company ("St. Regis"), a New York corporation, with 71 other defendants on charges of conspiring to fix prices of folding cartons in violation of section 1 of the Sherman Act, 15 U.S.C. § 1. The indictment stated that

Michigan Carton had merged into St. Regis during the pendency of the federal grand jury that returned the indictment. St. Regis moved to dismiss the indictment against Michigan Carton on the ground that only St. Regis was a proper party defendant to answer for any crime committed by Michigan Carton prior to the merger. The district court denied the motion. St. Regis thereafter entered a plea of nolo contendere on behalf of Michigan Carton and the district court entered a judgment of guilty. In this appeal, filed in the name of Michigan Carton, St. Regis challenges the district court's denial of its motion to dismiss the indictment as to Michigan Carton. The Government asks this court to dismiss the appeal, arguing that any objection the defendant may have had to the form of the indictment was waived by its plea of nolo contendere. We dismiss the appeal.

■ The question presented by St. Regis in this appeal is whether St. Regis or Michigan Carton should have been named in the indictment as defendant for Michigan Carton's conduct prior to the merger. St. Regis asserts that the question is governed by provisions of New York law dealing with the effect of a merger of two corporations, see N.Y. Bus. Corp. Law § 906 (McKinney 1963). As it interprets that law, the grand jury was prohibited from naming Michigan Carton after the merger and was required to name St. Regis as the surviving corporation, unless the grand jury had given Michigan Carton notice that it was being investigated prior to the merger. The Government, in urging dismissal of the appeal, contends that, if the naming of Michigan Carton instead of St. Regis was error, the error amounted to no more than a misnaming of the defendant. In other words, if St. Regis was the proper party defendant, its rights—apart from its right to be sued in its proper name—were not affected by the naming of Michigan Carton. Under the particular circumstances of this case, we agree.

First, the argument on appeal does not draw into question the sufficiency of the indictment as against St. Regis. St. Regis asserted to the district court that the indictment as drawn was sufficient to charge St. Regis, as the surviving corporation, with the misconduct of Michigan Carton. Our independent examination of the indictment has led us to the same conclusion. Insofar as St. Regis' right to be accused by a grand jury is concerned, the naming of Michigan Carton was mere surplusage.

■ The appeal does not draw into question the in personam jurisdiction of the district court. Under St. Regis' theory of the case, Michigan Carton ceased to exist as a separate legal entity upon merger with St. Regis, except for the limited purpose of responding to claims in proceedings then pending against the constituent corporation. Assuming that theory is correct under New York law, *but see United States v. Stone,* 452 F.2d 42 (8th Cir. 1971), Michigan Carton did not exist for the purpose of this case at the time the indictment was filed. The district court therefore could not acquire jurisdiction over Michigan Carton except through its successor in interest, St. Regis. *Cf. Hoefferle Truck Sales, Inc. v. Divco-Wayne Corp.,* 523 F.2d 543 (7th Cir. 1975). However, St. Regis was named in the indictment, and it asserted to the district court that, by reason of the broad terms of the indictment, it was properly before the court to answer for any misconduct by Michigan Carton. Therefore, if the district court lacked jurisdiction over Michigan Carton, it nevertheless had jurisdiction over St. Regis to enforce a judgment imposed for criminal conduct on the part of Michigan Carton. For purposes of in personam jurisdiction, the question raised by St. Regis is therefore one of form and not of substance. It does not place in dispute the ultimate jurisdiction of the district court to enter a judgment binding as to St. Regis. This case is therefore distinguishable from *Melrose Distillers, Inc. v. United States,* 258 F.2d 726 (4th Cir. 1958), *aff'd,* 359 U.S. 271, 79 S.Ct. 763, 3 L.Ed.2d 800 (1959), on which St. Regis heavily relies in claiming appellate jurisdiction. In *Melrose Distillers,* the question presented on appeal was whether a federal criminal prosecution

survived dissolution of corporations under Delaware and Maryland law. If appellants had been correct in their contention that the corporations after dissolution no longer existed for purposes of criminal prosecution, no other corporations would have been before the court to answer for the criminal conduct of the dissolved corporations. *Melrose Distillers* therefore presented a question of whether in personam jurisdiction existed at all, not merely an academic question of the manner in which it should be exercised.

■ St. Regis does not expressly assert that it was deprived of any substantive right by the naming of Michigan Carton. St. Regis did argue in its reply brief that it would be subjected to a "double penalty" because, although the conspiracy charged ended before the merger, it extended into a period when Michigan Carton was a wholly-owned subsidiary of St. Regis. If this contention has merit, *but see Perma Life Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 141–42, 88 S.Ct. 1981, 20 L.Ed.2d 982 (1968), it nevertheless has no bearing on the issue originally presented in this appeal. St. Regis was not precluded from contesting the imposition of the asserted "double penalty" by the separate naming of Michigan Carton and itself in the indictment. *See United States v. Stone, supra.* Because the "double penalty" contention is unrelated to the question of whether Michigan Carton was properly named in the indictment, it raises a fresh issue in the case which is outside the proper scope of a reply brief under Rule 9(e) of this court. *Finsky v. Union Carbide & Carbon Corp.*, 249 F.2d 449 (7th Cir. 1957), *cert. denied*, 356 U.S. 957, 78 S.Ct. 993, 2 L.Ed.2d 1065 (1958). We therefore do not address the argument.

The Government speculates in its brief that St. Regis might contend as the sole defendant in a prosecution brought because of the misconduct of both Michigan Carton and "old" St. Regis that it is entitled to a single maximum penalty under 15 U.S.C. § 1. Such a result would permit separate corporations to limit their collective criminal liability by merging and would provide,

in a sense, a substantive right to the surviving corporation that might be infringed by the separate naming of the constituent corporations. This result appears to be inconsistent with the terms of the statute on which St. Regis relies in claiming that it should have been named as the sole defendant:

> The surviving or consolidated corporation shall assume and be liable for *all* of the liabilities, obligations and penalties of *each* of the constituent corporations. N.Y. Bus. Corp. Law § 906(b)(3) (McKinney 1963) (emphasis supplied).

However, because St. Regis has not made the contention suggested by the Government, the question is not properly presented for our consideration and we do not address it here.

■ St. Regis does suggest that it might have been prejudiced in some way in the defense of Michigan Carton because it was not named as the party defendant for that corporation's conduct. Assuming there is some substance to that complaint, it was waived by the entry of a plea of nolo contendere on Michigan Carton's behalf. A plea of nolo contendere, where voluntary and intelligent, removes the issue of factual guilt from the case, and it implicitly waives any procedural rights that have a "direct connection to the determination of defendants' guilt or innocence." *United States v. DeCosta*, 435 F.2d 630, 632 (1st Cir. 1970). *See Menna v. New York*, 423 U.S. 61, 62–63 n. 2, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975). Thus, to the extent that the rule advocated by St. Regis might have served to protect it from procedural prejudice in defense of Michigan Carton, it has waived any objection to violation of the rule by entering the plea on Michigan Carton's behalf.

■ In summary, St. Regis has not brought forward for our consideration any asserted infringement of its rights—other than the right to be prosecuted in its proper name—that might have resulted from error in the naming of Michigan Carton. We therefore conclude that the asserted error amounts to no more than a misnaming of the defendant under the circumstances of

this case. We have held that an error in the naming of a defendant, without more, does not affect the sufficiency of an indictment. *United States v. Denny,* 165 F.2d 668 (7th Cir. 1947), *cert. denied,* 333 U.S. 844, 68 S.Ct. 662, 92 L.Ed. 1127 (1948). *See also United States v. Fawcett,* 115 F.2d 764 (3d Cir. 1940); *United States v. Empire Hat & Cap Mfg. Co.,* 47 F.Supp. 395 (E.D.Pa. 1942). A plea of nolo contendere waives all nonjurisdictional defects in criminal proceedings prior to appeal, *United States v. Kondos,* 509 F.2d 1147 (7th Cir. 1975), and, in particular, all defects in an indictment other than its insufficiency, *United States v. Cosentino,* 191 F.2d 574 (7th Cir. 1951). Therefore, if St. Regis was the proper defendant for Michigan Carton's misconduct, it waived any objection to the error in naming Michigan Carton by entering a plea of nolo contendere on Michigan Carton's behalf. It is without right to invoke this court's jurisdiction to consider the merits of its appeal.

■ St. Regis contends that it is entitled to consideration on the merits, because it believed that its right to appeal survived the plea of nolo contendere, relying on our holding in *United States v. Brown,* 499 F.2d 829 (7th Cir.), *cert. denied,* 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640 (1974). As we made clear in *United States v. Kondos, supra,* a defendant may appeal on the basis of a "conditional" plea only when the district court holds out some reason for the defendant to believe that he may plead nolo contendere subject to the right of appeal. The record is devoid of any indication that the district court made such a representation to St. Regis.

For the reasons stated above, we dismiss the appeal.

APPEAL DISMISSED.