UNITED STATES of America, Plaintiff-Appellee,

v.

George FRAZIER, a/k/a Shakir H. Frazier, Defendant-Appellant.

No. 82–2241.

United States Court of Appeals, Seventh Circuit.

Argued March 1, 1983.

Decided April 18, 1983.

Nancy Schaefer, Chicago, Ill., for defendant-appellant.

Mel S. Johnson, Asst. U.S. Atty., Charles H. Bohl, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, and WOOD and POSNER, Circuit Judges.

**1.** 18 U.S.C. § 1202(a) (Appendix) provides in part:

(a) Any person who—

(1) has been convicted by a court of the United States or of a State or any political subdivision thereof of a felony, . . .

. . . . . .

(5) . . . and who received, possesses, or transports in commerce or affecting commerce, after the date of enactment of this Act, any firearm shall be fined not more than $10,000 or imprisoned for not more than two years, or both.

**2.** Those sections of Rule 11 relevant to this appeal are reproduced below.

RULE 11. Pleas

. . . . . .

(c) *Advice to Defendant.* Before accepting a plea of guilty or nolo contendere, the court must address the defendant personally in open court and inform him of, and determine that he understands, the following:

(1) the nature of the charge to which the plea is offered, the mandatory minimum penalty provided by law, if any, and the maximum possible penalty provided by law; and

(2) if the defendant is not represented by an attorney, that he has the right to be represented by an attorney at every stage of the proceeding against him and, if necessary, one will be appointed to represent him; and

(3) that he has the right to plead not guilty or to persist in that plea if it has already been made, and he has the right to be tried by a jury and at that trial has the right to the assistance of counsel, the right to confront and cross-examine witnesses against him, and the right not to be compelled to incriminate himself; and

(4) that if he pleads guilty or nolo contendere there will not be a further trial of any kind, so that by pleading guilty or nolo contendere he waives the right to a trial; and

PER CURIAM.

The appellant appeals from his conviction on one count of a violation of 18 U.S.C. § 1202(a) (Appendix),[1] which resulted from his plea of guilty. On appeal, the appellant attacks three aspects of his plea. First, he asserts that the plea was not voluntary because the district court in effect advised the appellant to plead guilty. Second, the appellant claims that the plea was not informed because his attorney had told him that he could appeal the denial of a motion to suppress in spite of his guilty plea. And third, the appellant argues that his conviction should be vacated because the district judge committed several violations of Rule 11, Federal Rules of Criminal Procedure.[2]

(5) that if he pleads guilty or nolo contendere, the court may ask him questions about the offense to which he has pleaded, and if he answers these questions under oath, on the record, and in the presence of counsel, his answers may later be used against him in a prosecution for perjury or false statement.

(d) *Insuring That the Plea is Voluntary.* The court shall not accept a plea of guilty or nolo contendere without first, by addressing the defendant personally in open court, determining that the plea is voluntary and not the result of force or threats or of promises apart from a plea agreement. The court shall also inquire as to whether the defendant's willingness to plead guilty or nolo contendere results from prior discussions between the attorney for the government and the defendant or his attorney.

(e) *Plea Agreement Procedure.*

(1) *In General.* The attorney for the government and the attorney for the defendant or the defendant when acting pro se may engage in discussions with a view toward reaching an agreement that, upon the entering of a plea of guilty or nolo contendere to a charged offense or to a lesser or related offense, the attorney for the government will do any of the following:

(A) move for dismissal of other charges; or

(B) make a recommendation, or agree not to oppose the defendant's request, for a particular sentence, with the understanding that such recommendation or request shall not be binding upon the court; or

(C) agree that a specific sentence is the appropriate disposition of the case.

The court shall not participate in any such discussions.

(2) *Notice of Such Agreement.* If a plea agreement has been reached by the parties, the court shall, on the record, require the

The appellant also attempts to attack the denial of a motion to suppress evidence. Because we find that the district court neither advised the appellant to plead guilty nor violated Rule 11, and because we find that the appellant's guilty plea was not conditional upon the reservation of a right to appeal the denial of his motion, we affirm the judgment of the district court without reaching the issue of the motion to suppress.

I

The appellant was indicted for a violation of 18 U.S.C. § 922(h)(1).[3] The appellant entered a plea of not guilty. On April 8, 1982, the defendant moved to suppress evidence obtained by the police during the appellant's arrest, on the ground that the search and seizure of the appellant's property violated his rights under the Fourth Amendment to the U.S. Constitution. After a hearing on April 27, 1982, the magistrate recommended that the motion be denied. The prosecution and defense subsequently entered into a plea agreement pursuant to which the appellant agreed to plead guilty to a superseding information charging him with a violation of 18 U.S.C. § 1202(a) (Appendix). A hearing on the change of plea was held on July 28, 1982. At the hearing the district judge personally questioned the appellant concerning his understanding of the plea agreement. The court read the superseding information to the appellant and, at the district court's request, the prosecutor informed the appellant of the maximum sentence possible. The court asked the appellant if he understood and the appellant replied that he did.

The court informed the appellant of the constitutional protections he would be entitled to if he persisted in his not guilty plea, including the right to a jury trial, the right to a presumption of innocence, the right to have the prosecution prove its case beyond a reasonable doubt, the right to cross-examine witnesses, and the right against self-incrimination. The judge questioned the defendant as to whether the guilty plea was coerced. The appellant replied that it was not. The defendant was put under oath, warned that his answers might be used against him in a prosecution for perjury or false statement, and then questioned by the district court, the prosecutor, and the appellant's attorney concerning the factual basis for the plea. The court determined that there were sufficient facts to support the plea. The court then advised the appellant as follows:

> Now I want to explain to you that you have a right, even though you disagree with something that the Government contends, you have the right to maintain your plea of guilty. If you want to do it, if you think that's the best way for you to go. And I am trying to advise you that I think your Counsel has been correct in his advice, I think even if you did contest it you'd be convicted because I think the facts show even if one believes you, that even then you did have possession of this firearm.

Tr. at 34. The appellant asserts that by this statement the district court in effect advised the appellant to plead guilty, rendering the plea involuntary. The appellant also claims that his guilty plea should be vacated because the district court commit-

---

disclosure of the agreement in open court or, on a showing of good cause, in camera, at the time the plea is offered. If the agreement is of the type specified in subdivision (e)(1)(A) or (C), the court may accept or reject the agreement, or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the presentence report. If the agreement is of the type specified in subdivision (e)(1)(B), the court shall advise the defendant that if the court does not accept the recommendation or request the defendant nevertheless has no right to withdraw his plea.

. . . . .

(f) *Determining Accuracy of Plea.* Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

**3.** 18 U.S.C. § 922(h)(1) prohibits the same conduct as 18 U.S.C. § 1202(a) (Appendix) but carries a maximum sentence of five years imprisonment and a $5,000 fine. 18 U.S.C. § 924(a).

ted two violations of Rule 11; specifically, the appellant claims that the district court violated Rule 11(c)(4) by failing to advise the appellant that if he pleaded guilty there would be no trial of any kind and that the district court violated Rule 11(e)(2) by failing to advise the appellant that he had no right to withdraw his guilty plea even if the court refused to accept the government's sentencing recommendation. The appellant further asserts that he was misled by his trial attorney into believing he could still appeal the denial of his motion.[4] The appellant argues that as a result of this misinformation, his guilty plea was in effect a conditional plea which preserves his right to attack on appeal the denial of his motion to suppress.

## II

 The standard of review applied in a direct appeal of a conviction arising from a guilty plea is that any noncompliance with Rule 11, Federal Rules of Criminal Procedure, is reversible error. *United States v. Fels,* 599 F.2d 142, 149 n. 5 (7th Cir.1979).[5] In this case, however, there was no violation of Rule 11. While district courts are well advised to precisely track the language of Rule 11, *Fels, supra,* 599 F.2d at 149 n. 6, the test on appeal is whether, looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights. *United States v. Wetterlin,* 583 F.2d 346, 354 (7th

Cir.1978), *cert. denied,* 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979); *See United States v. Rodriguez-DeMaya,* 674 F.2d 1122, 1127–28 (5th Cir.1982). Matters of reality, and not mere ritual, should be controlling. *Wetterlin, supra* at 354, *citing McCarthy v. United States,* 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969). The district court did inform the appellant of the rights to which he was entitled if he persisted in his plea of not guilty. We believe that the district court's action was sufficient to inform the appellant that he would be giving up these rights if he pleaded guilty. We therefore find no violation of Rule 11(c)(4). With respect to the alleged violation of Rule 11(e)(2), the appellant argues that the district court violated the rule by failing to advise him that he had no right to withdraw his plea if the court rejected the prosecutor's sentencing recommendation. This particular advice, however, need only be given if the prosecution agrees to recommend a particular sentence or agrees not to oppose the defendant's request. Rule 11(e)(1)(B). The record in this case shows that the plea agreement was made pursuant to Rule 11(e)(1)(A), and as such was an agreement whereby the prosecution dropped one charge if the defendant entered a guilty plea on another charge. The prosecution explicitly reserved the right to "make any recommendation the Government feels appropriate." The warning set

---

**4.** The only evidence the appellant offers concerning this misinformation by trial counsel is the following statement contained in counsel's motion to withdraw as counsel for the appellant:

5) your affiant discussed with Defendant-Appellant his appeal rights and advised him what steps must be taken to file an appeal. On July 28, 1982, when your affiant advised Defendant-Appellant of those rights, he was advised not to file a Notice of Appeal.

**5.** A more flexible standard of review, requiring a showing of prejudice arising from the Rule 11 violation, is used in collateral attacks on convictions resulting from guilty pleas. *United States v. Timmreck,* 441 U.S. 780, 783–84, 99 S.Ct. 2085, 2087, 60 L.Ed.2d 634 (1979); *Keel v. United States,* 585 F.2d 110, 113 (5th Cir.1978) *(en banc).*

Appellees reliance on the "flexible and practical approach" of *United States v. Gray,* 611 F.2d 194, 199 (7th Cir.1979), *cert. denied,* 446 U.S. 911, 100 S.Ct. 1840, 64 L.Ed.2d 264 (1980), appears to be misplaced. *Gray* is concerned solely with Rule 11(c)(1) and stands for the proposition that there are several ways a court can inform the defendant of the nature of the charge to which the plea is offered. With respect to the requirements of Rule 11(c)(2)–(5), more literal compliance with the language of the Rule may be required. *See Gray, supra,* at 198 n. 5 (flexible approach probably does not apply to requirements that district court personally satisfy itself that plea is voluntary and not the result of coercion). Since we find that the district court adhered to the literal compliance rule of *Fels, supra,* we decline to extend *Gray* beyond its application to Rule 11(c)(1).

out in Rule 11(e)(2) is therefore not required.[6]

▮ The appellant's final attack on his guilty plea is that he alleges he was misinformed by his trial counsel into believing that he had preserved the right to appeal the denial of his motion to suppress. While it is true that a conviction on a guilty plea tendered *solely* as a result of faulty advice is a miscarriage of justice, *United States v. Scott*, 625 F.2d 623, 625 (5th Cir. 1980), we do not find that the appellant's plea was solely the result of misinformation. The only evidence of misinformation the appellant points to is the motion to withdraw as counsel filed by the appellant's trial counsel in this court. The affidavit attached to the motion merely says that trial counsel "discussed with Defendant-Ap-

pellant his appeal rights ...." A guilty plea of course does not cut off all grounds for appeal; the defendant may for example challenge the court's jurisdiction over him or the sufficiency of the indictment. But advising the appellant of the scope of his appellate rights does not permit the appellant to raise any issue he chooses on appeal. The appellant fails to point out any evidence even suggesting that his trial counsel told him that he could appeal the denial of his motion to suppress in spite of his guilty plea.[7] Lastly, the defendant got the benefit of his bargain in this case: the reduction of his maximum exposure from five years imprisonment to two years; we are therefore unwilling to read into the bargain a never-stated right to appeal.[8]

6. In his reply brief, the appellant also suggests that the district court failed to advise him of his right to be represented at every stage of the proceeding and thus violated Rule 11(c)(2). The advice required to be given by Rule 11(c)(2), however, must, according to the express terms of the Rule itself, only be given when the defendant is not represented by an attorney. Because the defendant was represented, the Rule 11(c)(2) advice need not be given. Further, it is clear from the discussion between the district court and the appellant that the appellant understood that he would be represented by counsel at trial.

7. At oral argument, counsel for the appellant claimed that the appellant's trial counsel, in the affidavit accompanying his motion to withdraw as counsel, stated that he had reviewed the record and, finding no competent appellate issues, advised the appellant not to appeal. Counsel for the appellant asks us to conclude from his statement that trial counsel had advised the appellant concerning the merits of his suppression motion and had given the appellant some reason to believe that he could appeal the denial of his motion. We find nothing in the trial counsel's affidavit which supports the conclusion urged on us by appellate counsel.

8. To the extent that the appellant's argument can be read as claiming that the district court failed to inform him of a right to appeal, it is clear that when a defendant pleads guilty the court has no duty to inform him of any right to appeal. *Fels, supra*, 599 F.2d at 148 n. 4. *See Moore v. Hinton*, 513 F.2d 781, 783 (5th Cir. 1975); *Barber v. United States*, 427 F.2d 70, 71 (10th Cir.), *cert. denied*, 400 U.S. 867, 91 S.Ct. 108, 27 L.Ed.2d 106 (1970). *See also United States ex rel. Green v. Pate*, 411 F.2d 884, 887

(7th Cir.1969), *cert. denied*, 396 U.S. 1018, 90 S.Ct. 584, 24 L.Ed.2d 510 (1970) (pursuant to Illinois rule very similar to Rule 11, court had no duty to advise defendant pleading guilty of right to appeal).

An additional issue raised at oral argument is whether, by informing the appellant that he had a right to persist in his guilty plea, the district court effectively held out some reason for the defendant to believe that he was pleading guilty subject to the right to appeal the denial of his suppression motion. When the district court does hold out some reason for the defendant to believe his guilty plea is conditional, this court has held that it will consider the merits of the appeal. *United States v. Brown*, 499 F.2d 829, 832 (7th Cir.), *cert. denied*, 419 U.S. 1047, 95 S.Ct. 619, 42 L.Ed.2d 640 (1974). In *Brown*, the district court explicitly told the defendants they could preserve their right to appeal. *Id.* We believe that the district court's advice to the appellant that he had a right to persist in his guilty plea cannot reasonably justify the defendant's belief that he preserved his right to appeal. *United States v. Thompson*, 680 F.2d 1145, 1155 (7th Cir.), *cert. denied*, —— U.S. ——, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982) (Williams petition) & —— U.S. ——, 103 S.Ct. 735, 74 L.Ed.2d 958 (1983) (Thompson and Giacinti petition); *United States v. Michigan Carton Co.*, 552 F.2d 198, 202 (7th Cir. 1977) (record devoid of any indication that district court represented to defendant that it could plead nolo contendere subject to a right to appeal); *United States v. Kondos*, 509 F.2d 1147 (7th Cir.1975). The appellant's mistaken impression is of course insufficient to disturb the finality of his guilty plea. *Jones v. United States*, 419 F.2d 515, 519 (8th Cir.1969), *cert. denied*, 398 U.S. 949, 90 S.Ct. 1866, 26 L.Ed.2d

## III

Because we find that the appellant entered an informed and voluntary guilty plea, we are barred from considering the appeal of the denial of his motion to suppress. *United States v. Thompson, supra,* 680 F.2d at 1156. The judgment of the district court is therefore AFFIRMED.[9]

288 (1970); 8 Moore's Federal Practice ¶ 11.-02[1] (1982 Rev.Ed.) (circumstances as they existed at the time of the guilty plea, judged by objective standards, must reasonably justify the defendant's mistaken impression). Further, the plea in this case was negotiated. We find it incredible that the appellant believed he was preserving his right to appeal when no mention of preserving such right was made in either the plea agreement or at the hearing on the guilty plea.

**9.** In his *pro se* notice of appeal, the appellant seems to suggest that he is appealing only the two year sentence imposed by the district court. We note in conclusion that since this sentence is within the maximum allowed by 18 U.S.C. (Appendix) § 1202(a), it cannot be disturbed on appeal absent circumstances not present here. 3 Wright, Federal Practice and Procedure: Criminal 2d § 533 (2d Ed.1982).