958 F.2d 375
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ervin L. HARNOIS, Defendant-Appellant.
 No. 91-1401.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 12, 1992.*
Decided March 27, 1992.
 
 1
 Before RIPPLE and MANION, Circuit Judges, and ROBERT A. GRANT, Senior District Judge.**
 
 ORDER
 
 2
 Pursuant to a plea agreement, appellant Ervin L. Harnois entered a guilty plea to one count of possession with intent to manufacture 100 or more marijuana plants. Accepting the guilty plea, the district court sentenced Mr. Harnois to the statutory minimum penalty for his conduct, five years of incarceration followed by five years of supervised release. On January 17, 1991, the court granted the motion of the United States for reduction of sentence pursuant to Fed.R.Crim.P. 35(b). It made a two-level departure downward and reduced the sentence to 40 months and the term of supervised release to four years. Mr. Harnois appealed.
 
 
 3
 The appellant asserts that his sentence should be vacated and remanded to another judge because the amount of downward departure granted was insufficient to recognize the "raw heroism" of his significant cooperation in the prosecution of another individual.
 
 
 4
 This court's jurisdiction to review sentencing decisions is limited to those grounds specified in 18 U.S.C. § 3742(a), (b) (West 1985 & Supp.1991). United States v. Hayes, 939 F.2d 509, 512 (7th Cir.1991), cert. denied, 112 S.Ct. 896 (1992). The court lacks jurisdiction to review the property of a sentence established within the applicable range of the Sentencing Guidelines. See United States v. Guerrero, 894 F.2d 261, 267 (7th Cir.1990). However, Mr. Harnois does not challenge the underlying sentence; he has recognized that, because of his conduct, the mandatory minimum period of incarceration was required under 21 U.S.C. § 841(b)(1)(B)(vii), even though his calculated sentence range was 15 to 21 months.[1] See U.S.S.G. § 5G1.1(b); Hayes, 939 F.2d at 512.
 
 
 5
 When reviewing the correction of an appropriate sentence, we have no jurisdiction to consider the district court's discretionary decision to depart or not to depart downward. United States v. Welch, 945 F.2d 1378, 1386 (7th Cir.1991), cert. denied, --- S.Ct. ---- (1992) (departure denied); United States v. Grant, 902 F.2d 570, 572 (7th Cir.1990) (departure granted). Nor can we review a claim of insufficient downward departure. United States v. Dean, 908 F.2d 215, 217 (7th Cir.1990), cert. denied, 111 S.Ct. 2801 (1991); Gant, 902 F.2d at 572-73. Thus we are required to dismiss that portion of Harnois' appeal challenging the extent of downward departure.
 
 
 6
 The appellant also argues that the court erred by failing to advise him at the plea hearing that he would be precluded from appealing the amount of downward departure granted later.
 
 
 7
 Rule 11(c) of the Federal Rules of Criminal Procedure delineates the advice a court is required to give to a defendant at the hearing before it accepts a guilty plea. The rule does not mandate advice about the right to appeal.[2] Indeed, this court has commented that a defendant who pleads guilty is normally not apprised of his right to appeal. Williams v. United States, 805 F.2d 1301, 1311 (7th Cir.1986), cert. denied, 481 U.S. 1039 (1987) (Cudahy, J., concurring in result) (citing Fed.R.Crim.P. 32(a)(2)).[3] In the case before us, the defendant was told that he could appeal under some circumstances. This advice does not violate Rule 11. The district court precisely tracked the language of Rule 11, covered all the required advice, and ascertained that the defendant understood it. United States v. Frazier, 705 F.2d 903, 907 (7th Cir.1983) (per curiam). Mr. Harnois said he understood his right, "under some circumstances," to appeal the sentence.
 
 
 8
 Upon review of the plea hearing, we are satisfied that Mr. Harnois did indeed understand the conditions of his guilty plea and was in no way misinformed concerning his right to appeal. The totality of the circumstances demonstrates that the defendant was properly informed of his rights before his guilty plea was entered. Id. See United States v. DeCicco, 899 F.2d 1531, 1534-35 (7th Cir.1990); United States v. Ray, 828 F.2d 399, 414 (7th Cir.1987), cert. denied, 485 U.S. 964 (1988). We find no reason for reversal here.
 
 
 9
 This court has refused to expand Rule 11 advice to require the district court to predict the sentencing range it will apply, United States v. Salva, 902 F.2d 483, 488 (7th Cir.1990), or to inform the defendant that the Guidelines do not prescribe parole for his case, id. at 487 n. 6, or that his sentence will run consecutively or concurrently. Ray, 828 F.2d at 418-19. We have found that a district court's advice under Rule 11 was sufficient even when the court did not specifically tell the appellant that he would be giving up certain rights if he pleaded guilty. Frazier, 705 F.2d at 907. We decline to expand that rule to require the district court to explain the defendant's appellate rights. We hold that the trial court did not err in the advice it gave Mr. Harnois at the plea hearing.
 
 
 10
 Mr. Harnois presents two claims of ineffective assistance of counsel.[4] However, this court need not consider them, for the Supreme Court has made clear that prisoners have a constitutional right to counsel only on "the first appeal of right," and not when mounting collateral attacks upon their convictions. Pennsylvania v. Finley, 481 U.S. 551, 555, 107 S.Ct. 1990, 1993, 95 L.Ed.2d 539 (1987). Applying Finley to Rule 35 matters, this circuit held that there is no right to effective assistance of counsel when bringing post-conviction motions. United States v. Kimberlin, 898 F.2d 1262, 1265 (7th Cir.), cert. denied, 111 S.Ct. 434 (1990).
 
 
 11
 Even if we were to consider appellant's claims, we would find that they do not constitute ineffective assistance of counsel. Mr. Harnois' first assertion, that he would have been better assisted at the Rule 35 hearing by the well-reputed Assistant United States Attorney [AUSA] who originally brought the charges against him rather than by the "ineloquent" AUSA who replaced him, is completely without merit. No defendant is entitled to the effective assistance of a prosecutor, and certainly not to the one of his choice. His second claim, that his own attorney could not effectively argue the case because the attorney's father told the court that his son was inexperienced,[5] is equally lacking in merit. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); Bae v. Peters, 950 F.2d 469, 475 (7th Cir.1991) (ineffective assistance requires showing that attorney's performance was deficient and that deficient performance prejudiced defense).
 
 
 12
 Mr. Harnois does insist that, by failing to present to the court some oral or written "backing" from the former AUSA, his attorney ineffectively assisted him. He is certain that the word of the former prosecutor, a man of "sterling character," would have swayed the court. In fact, the record reflects that, after the AUSA and defense attorney strongly argued for a significant reduction in Mr. Harnois' sentence, the court stated it had "no intention of accepting" their recommended sentences because of the defendant's serious criminal conduct. We conclude that nothing in the performance of the appellant's attorney that appears in the record suggests constitutionally ineffective assistance of counsel, even if the appellant were entitled to it.
 
 
 13
 A Rule 35(b) motion, as a plea for lenience, is committed to the district court's discretion. United States v. Atehortua, 875 F.2d 149, 151 (7th Cir.1989). As at sentencing, the government may suggest an appropriate level to the court, but such a recommendation is not binding on the court. See Fed.R.Crim.P. 11(e)(1)(B). The district court is then authorized, but not required, to depart from the sentencing range prescribed by the guidelines; the decision is left to the discretion of the sentencing judge. United States v. Franz, 886 F.2d 973, 981-82 (7th Cir.1989) (citing 18 U.S.C. § 3553(b) and Sentencing Guidelines Manual § 5K2.0). In this case the government, keeping its word under the plea agreement with Mr. Harnois, brought the Rule 35(b) motion and sought a lower sentence on defendant's behalf. It is clear that the court's downward departure of two levels was made in spite of the arguments for greater departure by both counsel.
 
 CONCLUSION
 
 14
 Our review of the record and transcripts in this case confirms that Mr. Harnois lacks entitlement to any of the claims he brings to this court. We find no error in the district court's explanation, at the plea hearing, that the appellant had the right to appeal any sentence imposed "under some circumstances"; it was correct advice and was not required by the Federal Rules of Criminal Procedure to be given. Moreover, we decline to require a court to elaborate on such discretionary advice.
 
 
 15
 The district court's proper application of the Sentencing Guidelines and mandatory minimum sentence imposed on Mr. Harnois was not challenged below; any objection to it now is waived. Also, appellant's assertion that his attorney was ineffective at the Rule 35(b) motion hearing must fail, for a defendant is not entitled to effective assistance of counsel at post-conviction motion hearings. Finally, because this court lacks jurisdiction to review a downward departure of a sentence, we must dismiss appellant's challenge concerning the extent of the district court's downward departure of his sentence.
 
 
 16
 Therefore we AFFIRM the district court's granting of the government's Rule 35(b) motion and DISMISS the appeal of the court's downward departure of Mr. Harnois' sentence. Since the defendant's case will not be remanded for resentencing, Mr. Harnois' request to be resentenced before another judge is MOOT.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 **
 Hon. Robert A. Grant, Senior District Judge for the Northern District of Indiana, is sitting by designation
 
 
 [1]
 Although at times in his brief the appellant asserts that the district court misapplied the Guidelines, our review of the record and hearings transcripts reveals that no objection was raised to his sentence, which was set by the statutorily mandated five-year minimum period of incarceration. Thus any objection to the sentence is now waived
 
 
 [2]
 The Notes of the Advisory Committee reflect the ongoing debate over the amount of advice required, particularly advice about the additional consequences of a guilty plea. See, e.g., Notes, 1974 Amendment. The 1982 Amendment incorporated the requirement of advice about special parole terms, for example. But Rule 11 does not insist on advice about a defendant's right to appeal
 
 
 [3]
 Rule 32(a)(2) of the Federal Rules of Criminal Procedure states, in pertinent part: There shall be no duty on the court to advise the defendant of any right of appeal after sentence is imposed following a plea of guilty or nolo contendere, except that the court shall advise the defendant of any right to appeal the sentence
 
 
 [4]
 In his brief the appellant claims a denial of his right of due process because he did not receive the assistance he needed from the defense attorney and the prosecutor at the Rule 35 motion hearing. Furthermore, neither counsel was the one he wanted at the hearing. However, a deprivation of the AUSA and defense counsel of the appellant's choice is not a genuine claim of due process deprivation. We find that the claim is really one of ineffective assistance of the counsel at the hearing, see Williams, 805 F.2d at 1309, and will treat it accordingly
 
 
 [5]
 Jerome Maeder represented the defendant at the plea hearing on December 8, 1989. When a conflict in scheduling of the sentencing hearing arose, Judge Shabaz mentioned Mr. Maeder's son, Vincent, who was practicing with his father. Jerome Maeder responded, "Vincent isn't--your Honor, he's my son and I'm very proud of him, but he got out of law school this June, and I suggest a case like this it would not be fair to Mr. Harnois to not have me here." Plea Hearing tr. at 24-25. Jerome Maeder represented the defendant at the sentencing on February 12, 1990. Vincent Maeder represented him at the Rule 35(b) motion hearing held February 7, 1991. Vincent Maeder had previously appeared on behalf of the defendant at a pretrial conference and had worked with the government on discovery matters, jury instructions, voir dire questions, and the terms of the plea agreement. At no time did Mr. Harnois object to his representation