UNITED STATES of America,
Plaintiff–Appellee,

v.

Braulio BANDA, Defendant–Appellant.

No. 00–3559.

United States Court of Appeals,
Seventh Circuit.

Submitted Nov. 20, 2001.*

Decided Dec. 10, 2001.

---

* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before COFFEY, KANNE, and DIANE P. WOOD, Circuit Judges.

## ORDER

Braulio Banda pleaded guilty to distributing cocaine, 21 U.S.C. § 841(a)(1), and carrying a firearm during a drug trafficking crime, 18 U.S.C. § 924(c)(1). Banda was sentenced to 87 months' imprisonment for distributing cocaine and 60 months' imprisonment for carrying a firearm, the terms to run consecutively, followed by 5 years' supervised release. Banda seeks to appeal, but his appointed counsel has moved to withdraw under *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), claiming that any issue which could be raised on appeal would be frivolous. Banda submitted a response to counsel's motion under Circuit Rule 51(b), arguing that there was insufficient evidence to support his plea of guilty to carrying a firearm, and that he received ineffective assistance of counsel in connection with his guilty plea. Counsel's brief is facially adequate, and thus we limit our review of the record to those potential issues counsel and Banda discuss. *See United States v. Tabb,* 125 F.3d 583, 584 (7th Cir.1997) (per curiam). Because we agree that there are no nonfrivolous issues for appeal, we grant counsel's request to withdraw and dismiss the appeal.

Counsel first considers whether Banda could argue that his plea colloquy did not satisfy Federal Rule of Criminal Procedure 11. Banda did not move to withdraw his plea, so we would review the plea colloquy only for plain error, *see United States v. Driver,* 242 F.3d 767, 769 (7th Cir.), *petition for cert. filed,* (May 16, 2001) (No. 00–10033), employing a "totality of the circumstances" analysis to determine whether any Rule 11 violations would have been likely to affect Banda's willingness to plead guilty, *see United States v. Fernandez,* 205 F.3d 1020, 1024 (7th Cir.2000). Counsel highlights three possible violations: (1) that the court advised Banda only of his right to "assist [his attorney] in [his] defense at trial" and not of his right to appointed counsel at every stage of the proceeding, *see* Fed.R.Crim.P. 11(c)(2); (2) that the court failed to advise Banda of his right to persist in a plea of not guilty, *see* Fed.R.Crim.P. 11(c)(3); and (3) that the court failed to ask Banda whether his willingness to plead guilty resulted from prior discussions between the government and defense counsel, *see* Fed.R.Crim.P. 11(d).

Arguments based upon any of the proposed Rule 11 violations would be frivolous. The court was not required to advise Banda of his right to counsel because he was represented by counsel. *See* Fed.R.Crim.P. 11(c)(2); *see also United States v. Lovett,* 844 F.2d 487, 491 (7th Cir.1988); *United States v. Frazier,* 705 F.2d 903, 908 n. 6 (7th Cir.1983). As for the court's violations of Rule 11(c)(3) and (d), the plea agreement provides that Banda understands his waiver of the right to persist in a not guilty plea, and that nothing other than the plea agreement affected his decision to plead guilty. Further, the district court ensured that Banda had discussed the indictment and the plea agreement with counsel, he understood the charges, his plea was voluntary, and the government's summary of the evidence was correct. *See United States v. Akinsola,* 105 F.3d 331, 333–34 (7th Cir.1997) (where plea colloquy substantially covered all aspects of rule governing pleas, and

written plea agreement touched every base of plea, district court's Rule 11(c)(3) and (d) violations did not affect defendant's willingness to plead guilty).

■ Counsel next considers whether Banda could challenge his conviction based on the ground that the indictment is insufficient because it did not include a citation to the applicable provision of § 841(b)(1). Although Banda could raise the issue for the first time on appeal, *United States v. Smith*, 223 F.3d 554, 571 (7th Cir.2000), *petitions for cert. filed*, (Nov. 14, Nov. 15, Jan. 16, 2001) (Nos.00–7070, 00–7021, 00–7085, 00–8082), such a challenge would be frivolous. An error in citing the statute charged in an indictment is not a ground for reversal unless the error misled the defendant to the defendant's prejudice. *United States v. Brumley*, 217 F.3d 905, 913 (7th Cir.2000). Banda's statements at the plea colloquy that he understood the charges against him and the consequences of pleading guilty demonstrate that he was not misled. *See United States v. Standiford*, 148 F.3d 864, 868 (7th Cir.1998) ("The record that is created at the Rule 11 hearing is accorded a presumption of verity.") (internal quotation and citation omitted). Counsel also correctly observes that when Banda entered his guilty plea he waived all non-jurisdictional defects occurring before the plea. *See United States v. Cain*, 155 F.3d 840, 842 (7th Cir.1998).

Counsel next assesses whether Banda might raise a claim of ineffective assistance of counsel. Indeed, Banda contends in his Rule 51(b) response that he received ineffective assistance because his counsel failed to advise him whether his conduct satisfied the elements of a § 924(c)(1) offense. We agree with counsel that an ineffective assistance claim would be frivolous. Again, Banda's underlying premise that he did not understand the charge against him, rendering his plea involuntary, is belied by his acknowledgment dur-

ing the plea colloquy that he understood the charges against him and was pleading guilty voluntarily. In addition, ineffective assistance claims typically are inappropriate on direct appeal because determination of the matter requires evidence that is outside of the trial record. *United States v. Brooks*, 125 F.3d 484, 495 (7th Cir.1997); *United States v. Woolley*, 123 F.3d 627, 634 (7th Cir.1997). Banda concedes in his Rule 51(b) response that the record does not contain all of the evidence that supports his claim, namely, his discussions with his counsel. He thus would be better served by bringing this claim under 28 U.S.C. § 2255 where he could ask for an evidentiary hearing and call his counsel as a witness. *See United States v. Taglia*, 922 F.2d 413, 418 (7th Cir.1991).

■ Counsel also evaluates whether Banda might argue that his guilty plea lacked a sufficient factual basis on the ground that he was not "carrying" a firearm, and Banda argues this issue in his Rule 51(b) response. The argument, however, would be frivolous because the district court specifically inquired during the plea colloquy whether Banda "carried a firearm, a .45 caliber firearm during and in relation to the crime of distribution of cocaine," and Banda responded, "Yes, sir." Despite Banda's argument that his gun was not connected with the drug-trafficking crime because he did not intend to use it in the drug transaction, the conduct Banda admitted clearly constitutes "carrying." *United States v. Baker*, 78 F.3d 1241, 1247 (7th Cir.1996) (noting that "carrying" a firearm means transporting it on one's person or within reasonable reach during and in relation to a drug-trafficking crime).

Similarly, counsel correctly observes that any argument that the district court erred in refusing to depart downward would be frivolous. We may not review a

440

district court's refusal to depart downward unless it is based on the court's erroneous belief that it had no discretion to depart. *See United States v. Crickon,* 240 F.3d 652, 654 (7th Cir.2001). The district court here acknowledged that "the Court has the discretion to downwardly depart in this situation ... [but] the Court does not exercise that discretion."

■ Counsel also questions whether Banda could challenge his sentence on the ground that the district court committed clear error in determining drug quantity when it relied on hearsay testimony and the testimony of a biased witness. There is no question that a district court may rely on hearsay evidence at sentencing. U.S.S.G. § 6A1.3; *see United States v. Szakacs,* 212 F.3d 344, 352 (7th Cir.2000). As for the issue of biased witnesses, the district court chose to believe the government's witnesses (a federal agent and a government informant) and not Banda when it determined drug quantity. We will not reexamine such a credibility determination unless the findings of fact are clearly erroneous, *see United States v. Durham,* 211 F.3d 437, 443 (7th Cir.2000), which is not the case here. We thus agree with counsel that the proposed challenge would be frivolous.

■ Finally, counsel assesses whether Banda might argue that his sentence is invalid under *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), because the quantity of drugs involved was not specified in his indictment. Counsel correctly concludes, however, that because Banda's sentence did not exceed the statutory maximum of 20 years, *see* 21 U.S.C. § 841(b)(1)(C), *Apprendi* does not apply, *see United States v. Rodgers,* 245 F.3d 961, 966 (7th Cir.), *petition for cert. filed,* (July 5, 2001) (No. 01–5169).

Counsel's motion to withdraw is GRANTED, and Banda's appeal is DISMISSED. Banda's "Motion Requesting Dismissal of Attorney Material," requesting that we not consider counsel's *Anders* brief, is DENIED.