UNITED STATES of America,
Plaintiff-Appellee,

v.

Scott A. FOUNTAIN,
Defendant-Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Matthew D. GRANGER,
Defendant-Appellant.

Nos. 84–3054, 84–3053.

United States Court of Appeals,
Seventh Circuit.

Argued Sept. 13, 1985.

Decided Nov. 13, 1985.

Rehearing and Rehearing En Banc
Denied Dec. 30, 1985.

Adrian Cohen, Milwaukee, Wis., for Matthew D. Granger.

Thomas L. Shriner and John F. Hovel, Milwaukee, Wis., for Scott A. Fountain.

John R. Byrnes, U.S. Atty., Madison, Wis., for plaintiff-appellee.

Before CUMMINGS, Chief Judge, BAUER and FLAUM, Circuit Judges.

FLAUM, Circuit Judge.

Defendants-appellants Granger and Fountain appeal from the lower court's refusal to allow the withdrawal of their guilty pleas to the charge of murder of a federal prison guard. Defendant Fountain alone also challenges the sufficiency of the factual basis of guilt established at his plea hearing held pursuant to Federal Rule of Criminal Procedure 11. While we conclude that the trial court did not abuse its discretion in denying either defendant's withdrawal of his plea, we are not satisfied that Fountain's plea hearing adequately complied with Rule 11(f). Accordingly, we affirm Granger's conviction but must vacate Fountain's plea and remand for further proceedings.

I.

At all times relevant to this case all the defendants were inmates at the Federal Correctional Institution at Oxford, Wisconsin. On April 20, 1984 a grand jury returned an indictment charging Granger, Fountain, and a third inmate, who was subsequently acquitted after a jury trial, with the murder of a federal correctional officer in violation of 18 U.S.C. §§ 1111 and 1114 and conspiracy to murder in violation of the aforementioned sections. On the eve of trial Fountain and Granger pled guilty to the murder count and the conspiracy count was dismissed with prejudice.

The factual basis of the government's case at the time of the plea hearing can be constructed from the transcript, the briefs on appeal, and the indictment. In the early morning of January 29, 1984 correctional

officer Boyd Spikerman was found lying in a puddle of blood by a fellow guard. The only other person within proximity of the body was the defendant Granger. Granger told the guard that he "heard voices and didn't mean to do it." At this time the guard also observed that Granger's hands were cut and covered with blood. An autopsy revealed that death was caused by multiple stab wounds and repeated blows to the head presumably inflicted by the fire extinguisher that was found laying across the victim's body. A fingerprint found on the fire extinguisher was discovered to be that of Granger.

At the plea hearing the government also claimed to have other inmates who would testify that Granger and Fountain had stated that they planned to kill a correctional officer and that after the murder Granger and Fountain discussed with them their involvement. The only other apparent link between Fountain and the murder are the claims in the indictment that Fountain acquired the knife used in the murder one day prior to the event and that he, along with the third defendant, had served as "lookouts" for Granger. At no point during the course of the proceedings, particularly at the plea hearing, did the government ever expand upon or claim to have evidence in support of these allegations against Fountain.

Two days prior to the trial date the defendants reached a plea agreement with the government and appeared before the trial court for a hearing pursuant to Rule 11 of the Federal Rules of Criminal Procedure. At the hearing the United States attorney stated the factual basis of the guilty plea of Granger as it was described above. Granger admitted to all the facts except the allegation that he had made any statements prior to the murder. The district judge questioned Granger in detail about his appreciation of the crime he was being charged with and the consequences of his guilty plea.

The judge then turned her attention to Fountain. The court incorporated by reference the factual basis that was used to support Granger's plea. The government added that it had the evidence of prior and subsequent incriminating statements, although Fountain, like Granger, refused to acknowledge the making of any statements prior to the murder. No mention was made of the alleged procurement of the murder weapon or the alleged participation as a lookout. Fountain was then interrogated by the court pursuant to Rule 11. In reference to his role in the crime, Fountain was questioned as follows:

BY THE COURT:

Q  Mr. Fountain, I am going to ask you as I did with Mr. Granger to tell me in your own words what you understand the Government is saying that you did in count 1?

A  The Government is saying that on the night or the early morning of January 29, 1984, that I murdered Officer Boyd Spikerman with malice of forethought. He was at that time employed as a federal employee at the institution at Oxford and that the weapons that I used were a fire extinguisher and a knife.

Q  Do you understand that the government says that you did that knowingly—that means you knew what you were doing—they say you did it intentionally, on purpose, and that you did it against the law?

A  Yes, your Honor.

Q  And, you understand that the Government says that at the time he was killed Officer Spikerman was engaged in the performance of his official duties at the Federal Correctional Institution at Oxford?

A  Yes.

.     .     .     .     .

THE COURT: Mr. Byrnes [the assistant United States attorney], what would you be prepared to prove if the case went to trial?

MR. BYRNES: Would you like me to repeat the items I stated for Mr. Granger?

THE COURT: No, that's not necessary. I will assume you can prove what you

stated earlier with the exceptions of statements Mr. Granger allegedly made on the 28th.

MR. KERNATS [Fountain's trial counsel]: Excuse me, so that it is clear—the factual basis you established for Mr. Granger then will be used to establish the factual basis for Mr. Fountain in this hearing as well?

THE COURT: That's right.

MR. KERNATS: But we are just not going to repeat those matters at this time?

THE COURT: That's it.

MR. FOUNTAIN: The same with the exception that I would contest the—

THE COURT: I am ignoring that aspect that relates to the testimony that Mr. Granger made on the 28th.

MR. FOUNTAIN: Anything I may have made previous on the 28th?

THE COURT: Right.

MR. BYRNES: I would say in that regard in addition to the other statements I made that we would also offer the testimony of some inmate witnesses to the effect that Mr. Fountain made statements to them after the time that he was apprehended in connection with this crime acknowledging his involvement in it.

THE COURT: Mr. Kernats, from what you know about this matter would you dispute this last remark that Mr. Byrnes made or anything in that statement he made earlier in connection with Mr. Granger?

MR. KERNATS: No, your Honor.

THE COURT: Mr. Fountain, would you dispute anything that Mr. Byrnes said?

MR. FOUNTAIN: No, your Honor.

THE COURT: All right. Then upon the basis of this discussion with the defendant and with his attorney and upon the basis of the entire record in the case, I find and conclude that the defendant has entered a plea of guilty knowingly, understandingly, and voluntarily after an adequate opportunity to consult with his attorney, with an understanding of the nature of the charge, and with an understanding of the consequences of the plea of guilty. I am satisfied there is a factual basis for the plea.

Accordingly I find and adjudge the defendant guilty of the charge contained in count 1 of the indictment.

Immediately prior to the sentencing hearing both defendants filed identical motions to withdraw their pleas of guilty. The pro se motions stated in a series of conclusory sentences that the defendants were not guilty, that they were suffering duress due to retaliatory treatment by correctional officials, that appointed counsel did not provide them with an adequate defense, and that they did not understand the charges against them. The district judge did allow Granger to expand on his motion, and he discussed at length his problems with drug treatment and his separation from counsel. The court stated that it was satisfied that the guilty pleas were made intelligently, voluntarily, and knowingly so that no evidentiary hearing was necessary.

On appeal defendant Fountain argues that his plea of guilty must be set aside because the trial judge failed to elucidate the factual background supporting guilt as required by Rule 11(f) of the Federal Rules of Criminal Procedure. Alternatively, Fountain, joined by Granger with respect to this issue only, asks the court to remand for an evidentiary hearing on their motions to withdraw their pleas.

## II.

Rule 11 is designed to provide protection for the rights of defendants who for whatever motivation decide to plead guilty. While guilty pleas serve a vital role in the judicial processing of criminal defendants, it must be remembered that those persons who plea are sacrificing, albeit voluntarily, important constitutional protections. *See McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 1170, 22 L.Ed.2d 418 (1969) (defendant who pleas waives "his privilege against self-incrimination, his right to trial by jury, and his right to confront his accusers"). Because of the gravity of what is at stake it is

essential that the presiding judge engage the accused in a colloquy sufficient to (1) satisfy the court that the plea was voluntary, both in the sense that the defendant was not coerced and that he comprehended the nature of the charges against him, and (2) establish a complete record for appeal. *McCarthy* at 465, 89 S.Ct. at 1170. "Thus, the more meticulously the Rule is adhered to, the more it tends to discourage, or at least enable more expeditious disposition of, the numerous and often frivolous post-conviction attacks on the constitutional validity of guilty pleas." *Id.* (footnote omitted).

The present appeal deals only with section (f) of Rule 11.

> (f) Determining Accuracy of Plea. Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea.

Fed.R.Crim.P. 11(f). This subpart serves the dual purpose of the Rule, record creation and voluntariness, by making clear exactly what the defendant admits to, and whether the admissions are factually sufficient to constitute the alleged crime.

> The court should satisfy itself, by inquiry of the defendant or the attorney for the government, or by examining the presentence report or otherwise, that the conduct which the defendant admits constitutes the offense charged in the indictment or information or an offense included therein to which the defendant has pleaded guilty. Such inquiry should e.g., protect a defendant who is in the position of pleading voluntarily with an understanding of the nature of the charge but without realizing that his conduct does not actually fall within the charge.

Fed.R.Crim.P. 11(f) advisory committee note (1966). *See also United States v. Wetterlin*, 583 F.2d 346, 352 n. 9 (7th Cir. 1978), *cert. denied*, 439 U.S. 1127, 99 S.Ct. 1044, 59 L.Ed.2d 88 (1979).

In directly reviewing a question under Rule 11(f), or Rule 11 in general, any noncompliance is reversible error. *United States v. Fels*, 599 F.2d 142, 149 n. 5 (7th Cir.1979); *United States v. Frazier*, 705 F.2d 903, 907 (7th Cir.1983). Compliance has never been held to require precise adherence to the strictures of the Rule; rather the focus is on "whether, looking at the total circumstances surrounding the plea, the defendant was informed of his or her rights." *Frazier* at 709. *See also Wetterlin* at 354. Given the individual factual determination required for each case both the district judge who conducts the plea hearing and the prosecutor who accepts the plea have a special responsibility to assure that the hearing satisfies the requirements of Rule 11.

The responsibility of the prosecutor to provide a factual basis lies in putting his specific case against a particular defendant in the record during the Rule 11 hearing. *See United States v. Frye*, 738 F.2d 196, 201 n. 7 (7th Cir.1984). A sufficient factual basis can be found even when the court engages in the most rudimentary questioning of the defendant if the indictment and statement of the prosecution's evidence are sufficiently specific to make clear to the defendant exactly what is being admitted to. *See Bachner v. United States*, 517 F.2d 589 (7th Cir.1975) (adequate factual basis found where trial court summarized charges, asked the defendant if he understood the charges, and asked him if he had in fact committed the acts). *See also United States v. Lovelace*, 683 F.2d 248, 251 (7th Cir.1982); *Seiller v. United States*, 544 F.2d 554, 565 (2d Cir.1975).

> There are a number of sources from which the court may determine 'factual basis.' ... [T]he failure of the court to inquire personally of the defendant is not of itself grounds for reversal if the factual basis is otherwise established.
>
> The court may inquire of the prosecution or the law enforcement officer who investigated the case.

8 J. Moore, Moore's Federal Practice ¶ 11.-07[1] (2d ed. 1985). *See, e.g., United States v. Montoya-Camacho*, 644 F.2d 480 (5th Cir.1981) and *United States v. King*, 604 F.2d 411 (5th Cir.1979). Thus, while

the primary obligation to ensure a valid hearing resides with the court, the government is in a position to ensure that the guilty plea it obtained will not be vacated on appeal. *See United States v. Cusenza,* 749 F.2d 473, 477 n. 3 (7th Cir.1984) (citing *United States v. Keller,* 594 F.2d 939, 941 (3d Cir.1979) ).

In this case the United States attorney made no attempt to establish in the record the nature of its case against Fountain. The prosecutor did present its evidence establishing the guilt of Granger but made no attempt to show how Fountain was involved in the murder. From the indictment it is clear that the government's theory was that Granger was the actual perpetrator and that Fountain was an accessory, a lookout, and supplier of the weapon. For whatever reason there is no reference to Fountain's status as an accessory or evidence supporting that claim in the record of the Rule 11 hearing. Since the government provided a factual basis for Granger only, the facts linking Fountain to the crime could only be supplied by Fountain himself during the court's questioning of him.

As the present appeal demonstrates it is not uncommon for the government to fail to establish on the record at the hearing a factual basis for the conspiracy charge. *See, e.g., United States v. Darling,* 766 F.2d 1095, 1100 (7th Cir.1985); *Wetterlin,* 583 F.2d at 352–53. This is often one of the problems when the court is dealing with multiple defendants pleading guilty at one hearing. *See United States v. Fels,* 599 F.2d 142, 146 (7th Cir.1979). *See also United States v. Frye,* 738 F.2d 196 (7th Cir.1984). The omission by the prosecution serves to heighten the trial judge's pre-existing duty under Rule 11 to engage in a dialogue with the accused.

■■■ Rule 11(f), as opposed to Rule 11 generally, *cf. Frye,* 738 F.2d 196, does not require a colloquy between judge and defendant; the court may find the factual basis in anything that appears *on the record. See United States v. Suter,* 755 F.2d 523, 525 (7th Cir.1985); *Wetterlin,* 583 F.2d at 352 n. 9; *Irizarry v. United States,*

508 F.2d 960, 967–68 (2d Cir.1974); Advisory Committee Note, *supra.* We note, however, that a dialogue between the court and the person making the plea is the best method for establishing the factual basis of a plea as well as its voluntariness. "To the extent that the district judge thus exposes the defendant's state of mind on the record through personal interrogation, he not only facilitates his own determination of a guilty plea's voluntariness, but he also facilitates that determination in any subsequent post-conviction proceeding...." *McCarthy,* 394 U.S. at 467, 89 S.Ct. at 1171.

Given the flexible facts and circumstances review of Rule 11 hearings it is axiomatic that the required dialogue will vary from case to case. *McCarthy,* 394 U.S. at 467 n. 20, 89 S.Ct. at 1171 n. 20; *United States v. Cusenza,* 749 F.2d 473, 475 (7th Cir.1984); *Frye,* 738 F.2d at 201; *United States v. Gray,* 611 F.2d 194, 200 (7th Cir.1979), *cert. denied,* 446 U.S. 911, 100 S.Ct. 1840, 64 L.Ed.2d 264 (1980). Whatever the exact nature of the colloquy it is essential that it be meaningful. Simple affirmative or negative answers or responses which merely mimic the indictment or the plea agreement cannot fully elucidate the defendant's state of mind as required by Rule 11. *McCarthy,* 394 U.S. at 467, 89 S.Ct. at 1171; *Frye* at 201. For this reason the trial court should question the defendant in a manner that requires the accused to provide narrative responses. Questions concerning the setting of the crime, the precise nature of the defendant's actions, or the motives of the defendant, for instance, will force the defendant to provide the factual basis in his own words. The court should not be satisfied with coached responses, nor allow a defendant to be unresponsive.

The individual interrogation suggested here could potentially lengthen Rule 11 hearings and we are not unmindful of the pressures on the district courts. However, the obtaining of admissions of facts constituting the crime in the defendant's own words and on the record will encourage efficiency by discouraging post-conviction and appellate attacks on guilty pleas. To

the extent the defendant is not required to provide these narrative responses, the system is subject to abuse by wily defendants who go through the hearing without squarely admitting their guilt and subsequently challenge the adequacy of the hearing on the grounds of lack of comprehension, factual basis, or voluntariness.

Turning to the specifics of the present appeal, we must re-emphasize the dual responsibility of the prosecutor and the judge in establishing a factual basis for a guilty plea, and more importantly, the mutually exclusive nature of that responsibility. The fulfillment of the Rule 11 duty by either judge or prosecutor does not free the other from his or her obligation under Rule 11 to develop a factual basis on the record. 8 J. Moore, Moore's Federal Practice ¶ 11.-07[1] (2d ed. 1985). *See Cusenza*, 749 F.2d at 477 n. 3. In the rare case where both the government's and the court's reliance on the other to discharge the duty is misplaced the Rule 11 system breaks down. That is precisely what occurred at Fountain's hearing.

■ The trial court elected to adopt the factual basis presented for Granger as it applied to Fountain. While it is an acceptable practice not to require repetition of the factual basis in multi-defendant plea hearings, *United States v. Thompson*, 680 F.2d 1145, 1155 (7th Cir.1982), *cert. denied*, 459 U.S. 1089, 103 S.Ct. 735, 74 L.Ed.2d 934 (1983), the court must scrupulously check to guarantee the facts presently on the record encompass the offense to which the second defendant pleads. Here Fountain was pleading to an accessory role and the facts on record related only to the actual physical act of murder.

Fountain never was required to admit to his role as an accessory. When asked to describe in his own words what he had done, Fountain merely recited the indictment,

> The Government is saying that on the night or the early morning of January 29, 1984, that I murdered Officer Boyd Spikerman with malice of forethought. He was at that time employed as a feder-

al employee at the institution at Oxford and that the weapons that I used were a fire extinguisher and a knife. (Emphasis added).

The "admission" suffers from two fatal defects. First, it is difficult to view this as an admission since Fountain did not state that he had done anything. He only responded by telling what the government claimed he had done. Second, what he "admitted" to, the actual killing of Boyd Spikerman with a knife and a fire extinguisher, was not what the indictment alleged with regard to Fountain. The district court's subsequent questioning, reprinted in full *supra*, never called for Fountain to expound on the true nature of his involvement. In the absence of any evidence on the record to support Fountain's plea we are unable to affirm his conviction.

We have always been reluctant to disturb a guilty plea under Rule 11. *Wetterlin* at 353. "We recognize that the experienced district judge may well have had knowledge of facts that persuaded [her] that the defendant understood the nature of the ... charge and that there was a factual basis for the plea. But these considerations must be made a part of the record of the plea proceeding." *Darling*, 766 F.2d at 1100. Thus, while the exact method of producing a factual basis on the record is subject to a flexible standard of review, the need to have some factual basis will continue to be a rule subject to no exceptions. *See, e.g., Darling*, 766 F.2d 1095; *United States v. Johnson*, 612 F.2d 305 (7th Cir.1980); *Wetterlin*, 583 F.2d 346. Accordingly, we must vacate Fountain's guilty plea and remand for repleading.

### III.

■ Both Granger and Fountain appeal from the lower court's decision to deny their motions to withdraw their guilty pleas prior to sentencing without conducting an evidentiary hearing. Given our disposition of Fountain's other issue on appeal we limit our discussion here solely to defendant

Granger. Finding no merit to his contentions we affirm his conviction.

Two days prior to sentencing, both defendants moved pursuant to Federal Rule of Criminal Procedure 32(d)[1] to withdraw their pleas of guilty. At the sentencing hearing the presiding judge, after briefly discussing the nature of Granger's contentions, informed both defendants that she was satisfied with her inquiries at the Rule 11 hearing concerning the voluntariness of the pleas and denied the motions without conducting an evidentiary hearing. Granger contends that an evidentiary hearing should be granted as a matter of course in response to a presentence motion to withdraw a plea. He further contends that the motion he filed alleged sufficient facts to require a hearing.

A defendant does not get an evidentiary hearing as a matter of right whenever he withdraws his guilty plea. *Thompson*, 680 F.2d at 1151. While Granger is correct in stating that evidentiary hearings should be liberally granted prior to sentencing, *see United States v. Russell*, 686 F.2d 35, 38 (D.C.Cir.1982), this court requires that a hearing be considered only when a "fair and just reason" for withdrawal of the plea is presented.[2] *Thompson*, 680 F.2d 1152. The courts need not conduct a hearing when the allegations contained in the motion to withdraw the plea are mere

conclusions or are inherently unreliable. *See Moody v. United States*, 497 F.2d 359, 362 (7th Cir.1974); *United States v. Crooker*, 729 F.2d 889, 890 (1st Cir.1984). *See also Marchibroda v. United States*, 368 U.S. 487, 495–96, 82 S.Ct. 510, 514, 7 L.Ed.2d 473 (1962):

> What has been said is not to imply that a movant must always be allowed to appear in a district court for a full hearing if the record does not conclusively and expressly belie his claim, no matter how vague, conclusory, or palpably incredible his allegations may be. The language of the statute does not strip the district courts of all discretion to exercise their common sense.

Even acknowledging that a less stringent standard is to be applied to the granting of the hearing as opposed to the determination with regard to the actual motion,[3] to require an evidentiary hearing based on Granger's allegations would read the common sense element out of *Marchibroda* and make pre-sentence hearing a matter of right. The movant must raise some significant questions concerning the voluntariness or general validity of the plea to justify the initiation of further evidentiary proceedings. The motion contains nothing but bare bones allegations of mistreatment, involuntariness and innocence.[4] The fact

---

1. Fed.R.Crim.Pro. 32(d) provides:
    A motion to withdraw a plea of guilty or *nolo contendere* may be made only before sentence is imposed or imposition of sentence is suspended; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his plea.

2. Appellant has argued that a hearing was particularly appropriate here since the government will not be prejudiced. While prejudice is a factor that is within the district court's discretion to rely on, lack of prejudice to the government does not require the granting of the motion to withdraw or the evidentiary hearing. *Thompson*, 680 F.2d at 1150.

3. Evidentiary hearings *prior to sentencing* should be freely granted as a matter of course. *Russell*, 686 F.2d at 38. *See also Thompson*, 680 F.2d at 1152. In contrast "[t]his circuit has interpreted Rule 32(d) as placing the issue of granting or denying a motion to withdraw a

plea of guilty 'in the discretion of the trial court is not a matter of right.' *United States v. Marcus*, 213 F.2d 230, 232 (7th Cir.1954) and '[T]he withdrawal of a guilty plea is not an absolute right but is within the sound discretion of the trial court and will not be reversed upon abuse of discretion,' *United States v. Wright*, 407 F.2d 952, 954 (7th Cir.1969)." *Thompson*, 680 F.2d at 1151. Thus while neither the hearing nor the withdrawal are to be denied based on a draconian standard, the evidentiary hearing should be routinely granted unless the movant produces no substantial evidence that impugns the validity of the plea.

4. Granger's motion to withdraw alleged the following facts:
    1. That defendant is in fact NOT GUILTY of this charge.
    2. That he was and is suffering the duress of months of maximum isolation and retaliatory treatment of correctional officers.

that Granger's and Fountain's motions were literally identical is a factor which further establishes that the documents were devoid of specific evidence relating to individual circumstances that might support either defendant's claim. Judge Crabb questioned Granger in great detail at the Rule 11 hearing concerning all the allegations subsequently raised in the motion to withdraw the plea. Granger's motion failed to provide any "fair and just" reason for allowing the withdrawal of the plea. On these facts an evidentiary hearing was not justified.

### IV.

Based on the foregoing we conclude that Fountain's conviction must be V̇ACATED and remanded to the trial court for repleading and that Granger's conviction is AF-FIRMED.

BAUER, J., concurring in part and dissenting in part.

I concur in the opinion insofar as it affirms the conviction of Granger. I dissent from that part of the opinion that finds that the various components of Rule 11 were inadequate as to the defendant Fountain. It seems obvious to me that Fountain acknowledged his part in the affair so as to comply with the dictates of Rule 11 even though he couched his responses in a less than confession form. The flavor of the trial proceedings is frequently harder to understand on the appellate level. Things obvious to *all* the observers and court personnel may not be quite so obvious from the cold record of words. Even admitting this, I am still of the opinion that the record quoted in the majority opinion meets the test of a proper Rule 11 discussion.

3. That regardless of any admissions in court prior; this defendant did not and does not fully understand the nature of the proceedings that have and are taking place.

4. That appointed counsel has not afforded him an adequate and on-going defensive effort.

5. That the defendant is facing the rest of his life in prison in this action and therefore should be afforded trial by his peers.

6. That defendant is not trained in the mechanics of the court, and the lack of contact with counsel has left him in a void of fear and indifference.