885 F.2d 866
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donald CHAFIN, Defendant-Appellant.
 No. 89-5501.
 United States Court of Appeals, Fourth Circuit.
 Submitted July 6, 1989.
Decided Sept. 8, 1989.
 
 William D. Levine, Marshall, St Clair & Levine, on brief for appellant.
 Michael W. Carey, United States Attorney, Joseph F. Savage, Jr., Assistant United States Attorney, on brief for appellee.
 Before PHILLIPS, SPROUSE, and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Donald Chafin appeals the district court's denial of his motion to withdraw his guilty plea and that court's subsequent imposition of sentence and judgment. Because the district court did not abuse its discretion in denying defendant's motion to withdraw his guilty plea, we affirm the judgment of the district court.
 
 
 2
 * Defendant was the director of the Mingo County, West Virginia program administering funds under the federal Job Training Partnership Act (JTPA). On March 30, 1988, he was indicted on forty counts, alleging violations of 18 U.S.C. Sec. 371 (conspiracy to defraud the United States) (count 1), id. Sec. 665(a) (defrauding a program receiving JTPA funds) (counts 2-39), and id. Sec. 666 (defrauding a federally funded state program) (count 40). He entered a plea of not guilty and trial began on August 9, 1988. After the government had presented its case-in-chief, defendant negotiated a plea agreement on August 10. Defendant agreed to plead guilty to three counts and make restitution of at least $7200.
 
 
 3
 The district court conducted a Rule 11 plea hearing that same day. See Fed.R.Crim.P. 11. The government detailed the charges in the three counts, then the court outlined for defendant the elements of the offense under 18 U.S.C. Sec. 665(a). Responding to the court's inquiry, defendant stated that he had violated the statute, "Yes, I prepared false vouchers to back up document checks," and admitted that he knew the vouchers were false when prepared. Joint Appendix at 236. Defendant also stated that he was satisfied with his counsel's representation. Id. at 241-42.
 
 
 4
 As part of the plea agreement, the government agreed to advise the court of defendant's truthfulness, or lack thereof, and ask the court to give such weight as the court deemed appropriate to that declaration. Id. at 198. Consistent with the agreement, the government submitted a letter to the district court which indicated that defendant had not been completely truthful. Id. at 222-23. Defendant presented three arguments to support his motion to withdraw the guilty plea at a combined motion/sentencing hearing. Defendant argued that his plea was involuntary because of emotional stress allegedly caused by his counsel's inadequate performance. He also alleged that the government had breached the plea agreement, and that the plea proceeding was flawed because the "factual basis for the plea" required under Fed.R.Crim.P. 11(f) was lacking. Although defendant was prepared to present testimonial evidence in support of his arguments, the court refused to permit any factual inquiry. Id. at 203. The court ultimately denied defendant's motion to withdraw the plea, finding: 1) that the court had fully complied with Rule 11 and that there was no indication that defendant had not acted knowingly and voluntarily at the plea hearing; 2) that defendant was fully competent at the time he entered his plea; and 3) that there was no violation by the government of the plea agreement. United States v. Chafin, Ca. No. 3:88-00060 (S.D.W.Va. Dec. 20, 1988); J.A. at 30-31. The court sentenced defendant to two years on one count, one year on the second count (running concurrently), and suspended sentence on the third count, placing defendant on five years probation upon release.
 
 
 5
 This appeal followed.
 
 II
 
 6
 Defendant contends that the district court eroneously denied his motion to withdraw his guilty plea because the court failed to hold an evidentiary hearing to resolve factual issues raised by the motion. Federal Rule 32(d) provides that if "a motion for withdrawal of a plea of guilty ... is made before sentence is imposed, ... the court may permit withdrawal of the plea upon a showing by the defendant of any fair and just reason." Fed.R.Crim.P. 32(d) (rule applicable to offenses committed prior to Nov. 1, 1987). The court need not conduct an evidentiary hearing on a defendant's motion to withdraw a plea when the allegations made "are mere conclusions or are inherently unreliable." United States v. Fountain, 777 F.2d 351, 358 (7th Cir.1985); see United States v. Crooker, 729 F.2d 889, 890 (1st Cir.1984); cf. United States v. DeFreitas, 865 F.2d 80, 82 (4th Cir.1989) (rejecting challenge to denial of motion to withdraw plea where no evidentiary hearing was held; court emphasizes defendant's initial burden under Rule 32(d) to show a fair and just reason for withdrawal). The trial court's ultimate denial of a motion to withdraw a plea will be overturned by an appellate court only for abuse of discretion. United States v. Brown, 617 F.2d 54, 55 (4th Cir.1980); see United States v. Haley, 784 F.2d 1218, 1219 (4th Cir.1986). The district court's findings regarding whether defendant has presented a fair and just reason will be upheld unless clearly erroneous. United States v. Ray, 828 F.2d 399, 422 (7th Cir.1987).
 
 
 7
 The district court properly denied, without the necessity of holding an evidentiary hearing, defendant's motion to withdraw his guilty plea. The court allowed counsel to present defendant's arguments in support of the motion, but defendant alleged no facts, beyond mere conclusions, that would warrant holding an evidentiary hearing to determine if any of the claims constituted a fair and just reason to withdraw the plea. See Fountain, 777 F.2d at 358; Crooker, 729 F.2d at 890. The court emphasized that it had fully complied with the requirements of Rule 11 at the plea hearing, and it found nothing in the record of that proceeding to indicate that defendant had not acted voluntarily. See Fountain, 777 F.2d at 358-59 (Rule 11 inquiry sufficient where motion contains "nothing but bare bones allegations").
 
 
 8
 Substantively, defendant's arguments do not constitute fair and just reasons to justify withdrawal of the plea. Although defendant has characterized his primary claim as one questioning the "voluntariness" of his plea, the underlying claim is of ineffective assistance of counsel. Cf. Hill v. Lockhart, 474 U.S. 52, 56 (1985) (defendant claims plea involuntary due to ineffective assistance of counsel). Focusing first on the claim as styled by defendant, a plea is not involuntary because counsel strongly urges the defendant to plead. See Jones v. Wainwright, 604 F.2d 414, 416 (5th Cir.1979) ("[I]f an attorney determines, in his professional judgment, that a guilty plea is in his client's best interest, the plea will not be set aside on the ground that such advice amounted to coercion by the attorney."). Evaluated as an ineffective assistance claim, the voluntariness of the plea then "depends on whether counsel's advice 'was within the range of competence demanded of attorneys in criminal cases.' " Hill, 474 U.S. at 56 (quoting McMann v. Richardson, 397 U.S. 759, 771 (1970)). The two-part Strickland test for ineffective assistance claims applies to the plea process: 1) counsel's performance was below an objective standard of reasonableness; and 2) defendant suffered prejudice--"a reasonable probability that, but for counsel's errors, [defendant] would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 57-58, 59; see DeFreitas, 865 F.2d at 82.
 
 
 9
 Counsel's strong recommendation to plead guilty was not unreasonable, given the apparent strength of the government's case. See id. at 82 & n. 7 (emphasizing the strength of the government's case, even when no trial had been held). Hill suggests that defendant would have great difficulty demonstrating any "prejudice" from counsel's lack of pre-trial preparation since defendant would have to show that adequate investigation would have led counsel to change his recommendation to plead. 474 U.S. at 59. The inquiry eventually turns on a "prediction whether the evidence [discovered] likely would have changed the outcome of [the] trial," id., an apparently unlikely prospect in this case. Cf. DeFreitas, 865 F.2d at 82.[1]
 
 
 10
 Defendant next argues that the "factual basis" required under Fed.R.Crim.P. 11(f)[2] is lacking because he admitted filing false vouchers rather than guilt on the fraud claim. Appellant's Br. at 5. Defendant, however, not only heard the government and the court outline the elements of the offense charged during the Rule 11 hearing, he also heard the government present its case-in-chief during the first day of trial. See Fed.R.Crim.P. 11(f) advisory committee note, 1974 amendment ("An inquiry might be made of the defendant, of the attorneys for the government and the defense, ... or by whatever means is appropriate in a specific case."); Knight v. United States, 611 F.2d 918, 920 (1st Cir.1979) (trial court may consider evidence produced at trial before defendant pled guilty in establishing factual basis for plea); United States v. Dayton, 604 F.2d 931, 943 (5th Cir.1979) (prosecutor's narration of evidence establishes factual basis for plea); see generally C. Wright, Federal Practice and Procedure: Criminal 2d Sec. 174 n. 19 (citing cases). The plea agreement itself required defendant to make restitution of at least $7200, providing further corroboration that defendant admitted misappropriation of funds. At a minimum, the court's finding that defendant's plea to the fraud counts was knowing and voluntary is not clearly erroneous. See Ray, 828 F.2d at 422.
 
 
 11
 Defendant's claim that the government breached the plea agreement also fails. Defendant proffered evidence at sentencing/motion hearing to show that defendant had been truthful and cooperative, and that the government's letter to the contrary resulted from bad faith. Appellant's Br. at 6. The court found that there was no breach of the agreement, reasoning that defendant bargained only for the government's characterization of his truthfulness. J.A. at 198; see Hartman v. Blankenship, 825 F.2d 26, 28-29 (4th Cir.1987) (contract principles applied in construing plea agreement). No hearing was required to reject this claim because the proffered evidence, that the government agent who supplied the background information for the letter was mistaken and would not discuss his concerns with defendant's counsel, is insufficient to support a finding of breach of the plea agreement. Cf. United States v. Eucker, 532 F.2d 249, 256 (2d Cir.1976) (good faith decision by government to not "go to bat" for defendant whose cooperation was unsatisfactory not grounds for withdrawal of plea). The court's finding is not clearly erroneous and supports dismissal. See Ray, 828 F.2d at 422.
 
 
 12
 For the foregoing reasons, the judgment entered by the district court following defendant's guilty plea is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED.
 
 
 
 [1]
 The district court could have considered defendant's delay in asserting his motion to withdraw and the timing of that motion just prior to the original sentencing date, though there is no mention of these considerations in the record. See Fed.R.Crim.P. 32(d), advisory committee note, 1983 amendment (amount of time between plea and motion to withdraw must be taken into account); United States v. Thompson, 680 F.2d 1145, 1151 (7th Cir.1982) (motion filed just prior to sentencing hearing disfavored)
 
 
 [2]
 "Notwithstanding the acceptance of a plea of guilty, the court should not enter a judgment upon such plea without making such inquiry as shall satisfy it that there is a factual basis for the plea." Fed.R.Crim.P. 11(f)