30 F.3d 137
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
James MURPHY, Jr., Defendant/Appellant.
 No. 93-3291.
 United States Court of Appeals, Seventh Circuit.
 Argued June 14, 1994.
Decided Aug. 2, 1994.
 
 Before ESCHBACH, COFFEY and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 A five-count indictment charged James Murphy with violating several firearm statutes. Murphy entered a guilty plea to two counts: possessing an unregistered firearm in violation of 26 U.S.C. Sec. 5861(d) and transferring an illegal firearm in violation of 26 U.S.C. Sec. 5861(e). He argues on appeal that there was not an adequate factual basis for his guilty plea.
 
 I.
 
 2
 In December 1992 Murphy received a call from a long-time acquaintance by the name of Jerry, who asked Murphy if he could find him some sawed-off shotguns. Murphy met with Jerry and another individual, an undercover agent, and informed them that he could locate the guns and arrange a transaction. Murphy contacted certain individuals who later brought the sawed-off shotguns to Murphy's house. The gun suppliers and Murphy waited outside Murphy's house. When Jerry and the agent arrived, everyone went down the street where the gun suppliers sold the agent a Columbia single barrel .12 gauge sawed-off shotgun. Murphy was present during the transaction, but he did not handle the firearm, and he received no money.
 
 
 3
 A second transaction, involving a J.C. Higgins single barrel .12 gauge shotgun with an obliterated serial number, occurred three weeks later. On this occasion Murphy brought the undercover agent to the house of the gun suppliers and the agent purchased two guns. During the course of this transaction Murphy fired the J.C. Higgins to demonstrate to the agent that it was operable.
 
 
 4
 Pursuant to a written plea agreement, Murphy entered a guilty plea to Count 1 (possession of an unregistered firearm, the Colombia single barrel .12 gauge shotgun) and Count 4 (transfer of the J.C. Higgins gun with obliterated serial number); counts 2, 3, and 5 were dismissed. At the entry of the guilty plea the district court reviewed the written plea agreement with Murphy, and Murphy acknowledged that the summary of the facts was true and accurate. The court recited the elements of the offenses with which Murphy was charged and questioned Murphy concerning the factual basis for Count 1 and Count 4. When asked if he ever had possession of the sawed-off shotgun described in Count I, Murphy replied "No." Defense counsel volunteered that the defendant was confused about the difference between actual and constructive possession. The court continued its colloquy, and the government gave a shortened version of the events in its proffer. The court determined that Murphy was fully competent and capable of entering an informed plea. The court further found that the guilty plea was knowing and voluntary and that an adequate factual basis supported the essential elements of the charged offenses.
 
 
 5
 At the sentencing hearing Murphy's counsel informed the court that Murphy wished to withdraw his plea because he had not received any money for the two gun transactions. The court refused to permit Murphy to withdraw his plea. Murphy received a sentence of twenty-seven months on each count to be served concurrently.
 
 II.
 
 6
 Murphy argues that the district court did not adequately establish the factual basis for his guilty plea in accordance with Rule 11(f) of the Federal Rules of Criminal Procedure. His primary contention is that the element of possession, essential for both counts, was not adequately established.
 
 
 7
 Rule 11(f) requires that before accepting a guilty plea the court must ensure that there is a factual basis for the plea. Fed.R.Crim.P. 11(f) (court must "make such inquiry as shall satisfy it that there is a factual basis for the plea"); United States v. Ivory, 11 F.3d 1411, 1415-16 (7th Cir.1993); United States v. Musa, 946 F.2d 1297, 1302 (7th Cir.1991); United States v. Fountain, 777 F.2d 351, 354 (7th Cir.1985), cert. denied, 475 U.S. 341 (1986). Ordinarily the court will recite the elements of the charged offense and determine, from the defendant's statements at the hearing, the written plea agreement and the government's proffer, whether the factual basis has been satisfied. See United States v. Robinson, 14 F.3d 1200, 1207 (7th Cir.1994). There must be some evidence to establish each element of the offense in question. An essential element of both Sec. 5861(d) and Sec. 5861(e) is that the defendant possessed the firearm. See United States v. Ross, 917 F.2d 997, 1000 (7th Cir.1990), cert. denied, 498 U.S. 1122 (1991); United States v. Taylor, 728 F.2d 864, 868 (7th Cir.1984). Murphy argues that the record does not establish that he possessed the firearm described in Count 1 or that he transferred the firearm described in Count 4.
 
 
 8
 The possession requirement of Sec. 5861(d) can be satisfied by either actual or constructive possession. For constructive possession the government must prove that the defendant "knowingly has the power and the intention at a given time to exercise dominion and control over [the] object, either directly or through others." Taylor, 728 F.2d at 868; see United States v. Thomas, 987 F.2d 1298, 1302 (7th Cir.), cert. denied, 114 S.Ct. 333 (1993); see also United States v. Hernandez, 13 F.3d 248, 252 (7th Cir.1994) (constructive possession under 21 U.S.C. Sec. 841(a)); United States v. Boykins, 9 F.3d 1278, 1282 (7th Cir.1993) (constructive possession under 21 U.S.C. Sec. 841(a)); United States v. Garrett, 903 F.2d 1105, 1110 (7th Cir.), cert. denied, 498 U.S. 905 (1990); United States v. Molinaro, 877 F.2d 1341, 1348 (7th Cir.1989). Although the written guilty plea specifies that Murphy "possessed" the firearm, the transcript of the plea hearing indicates that Murphy did not admit that he in fact possessed the firearm. The firearm in Count 1 was owned by other individuals who arrived at Murphy's house for the purpose of selling the firearm to the undercover agent. When asked if he had possessed the firearm, Murphy replied "No." Murphy's lawyer interrupted the proceeding to state that Murphy had indeed possessed the firearm constructively but that Murphy did not understand the concept of constructive possession. After a brief conference between Murphy and his lawyer, the issue of constructive possession was dropped, and the colloquy continued.
 
 
 9
 The parties agree that actual possession was not established, and Murphy is correct that there was no factual basis for his constructive possession of the firearm either. Murphy testified that he and the gun suppliers waited outside his house for Jerry and the agent to arrive and that the sale took place around the corner from his house.[1] There is no evidence to establish that Murphy touched the gun, owned the gun, or had any authority over the gun, and Murphy did not have dominion or control over the premises upon which the firearm was kept or concealed. See Hernandez, 13 F.3d at 252 (evidence supported conclusion that defendant constructively possessed suitcase containing cocaine); United States v. Moralez, 964 F.2d 677 (7th Cir.) (defendant driving vehicle that contained spare tires filled with drugs and defendant's fingerprints on bag of drugs), cert. denied, 113 S.Ct. 293 (1992); United States v. Whitley, 905 F.2d 163 (7th Cir.1990) (dominion and control over gun found in defendant's apartment). Although Murphy was present during the transaction, so far as this record indicates, his role did not extend beyond bringing the players together. Because Murphy did not have the power to exercise control over the firearm, he did not have constructive possession over it. See United States v. Windom, 19 F.3d 1190, 1200-01 (7th Cir.1994) (defendant was present in house where a backpack was discovered containing narcotics and defendant possessed marked currency from a controlled buy; court held no evidence that he had the authority to determine the disposition of the drugs and was not in constructive possession), petition for cert. filed.
 
 
 10
 Both the district judge and the prosecutor are responsible for assuring that the plea hearing satisfies the requirements of Rule 11, Fountain, 777 F.2d at 355; it is a responsibility to be shared equally. Id. Here the district court, the prosecutor and defense counsel mistakenly believed that there was a factual basis for Murphy's guilty plea based on a theory of constructive possession. There was not.
 
 
 11
 But such an error does not, in this case, necessarily warrant a reversal. The record reveals that the government could have relied on a theory of aiding and abetting, and so long as no unfair surprise would result, a defendant may be convicted under such a theory, and treated as a principal, even if the indictment charges him with only the substantive offense. United States v. Corral-Ibarra, Nos. 91-3036 & 91-3093, slip op. at 8 (7th Cir. May 23, 1994); United States v. Galiffa, 734 F.2d 306, 316 (7th Cir.1984); United States v. Savinovich, 845 F.2d 834, 838 (9th Cir.), cert. denied, 488 U.S. 943 (1988); see also Nye & Nissen v. United States, 336 U.S. 613 (1949) (aiding and abetting "makes a defendant a principal when he consciously shares in any criminal act ... it states a rule of criminal responsibility for acts which one assists another in performing"). A conviction for aiding and abetting possession does not require a showing that the defendant himself had possession of the contraband in question. United States v. Wesson, 889 F.2d 134, 135 (7th Cir.1989) ("one may" 'abet' the crime of possession ... by procuring the customers and maintaining the market in which the possession is profitable, even though [one] do[es] nothing else to help the possessor get or retain possession"). Such a conviction may be obtained through evidence of the defendant's knowledge of the illegal activity, a desire to assist in the activity and an attempt to facilitate it. Corral-Ibarra, No. 91-3036, slip op. at 9; United States v. Zafiro, 945 F.2d 881, 884 (7th Cir.1991), aff'd, 113 S.Ct. 933 (1993); see also Wesson, 889 F.2d at 135 ("one who participates in a criminal adventure and seeks by his actions to make it succeed commits the crime of aiding and abetting"); United States v. Pino-Perez, 870 F.2d 1230, 1233 (7th Cir.) (en banc), cert. denied, 493 U.S. 901 (1989).
 
 
 12
 The record reflects an ample factual basis to support Murphy's culpability as an aider and abetter. Murphy admitted that he arranged the sale and allowed the participants to meet at his house. He then accompanied the parties to the sale and was present during the sale. Rule 11(h) provides that "any variance from the procedures required by this rule which does not affect substantial rights shall be disregarded." Fed.R.Crim.P. 11(h). Although Rule 11(f) was not strictly followed at the plea hearing in the sense that the district court was mistaken about the theory of liability, the record clearly establishes that there was a factual basis for Murphy's guilty plea to the charge described in Count I; therefore, the error was harmless. While we cannot disregard the misconception by either the district court or the prosecutor, we cannot conclude, under the particular facts of this case, that Murphy's substantial rights were affected. Under a theory of aiding and abetting, the record contains a factual basis that is more than adequate for the acceptance of a guilty plea to Count 1.[2] See United States v. Ray, 828 F.2d 399, 412 (7th Cir.1987), cert. denied, 484 U.S. 1045, and cert. denied, 485 U.S. 964 (1988).
 
 
 13
 Murphy also challenges the adequacy of the factual basis for his guilty plea to Count 4. Murphy was not a bystander during the transaction including the J.C. Higgins shotgun. By taking the shotgun and demonstrating its functionality in order to induce the undercover agent to purchase the gun, Murphy committed acts sufficient to satisfy the definition of transfer. United States v. Bogden, 865 F.2d 124, 127 (7th Cir.1988), cert. denied, 490 U.S. 1010 (1989) (discussing definition of transfer within Sec. 5861(e) in case where defendant was the registered legal owner of the pre-sawed-off shotgun and he arranged the transaction).
 
 
 14
 AFFIRMED.
 
 
 
 [1]
 In his brief Murphy states that the gun suppliers left the guns in their car and did not bring them up to the house. The record is silent on this point
 
 
 [2]
 The government also argues that the court could have found Murphy to have been in possession of the firearm on the basis of a conspiracy theory. Because we find that there was a factual basis for his guilty plea under a theory of aiding and abetting, we need not consider this issue