USCA1 Opinion

 

 March 1, 1995 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 93-2112 ANTHONY SIMON, Petitioner, Appellant, v. UNITED STATES OF AMERICA, Respondent, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Robert E. Keeton, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Bownes, Senior Circuit Judge, and ____________________ Stahl, Circuit Judge. _____________ ____________________ Anthony Simon on brief pro se. _____________ Donald K. Stern, United States Attorney, and Joseph M. Walker, ________________ __________________ III, Assistant United States Attorney, on brief for appellee. ___ ____________________ ____________________ Per Curiam. Petitioner Anthony Simon appeals the denial __________ by the United States District Court for the District of Massachusetts of his motion to vacate, set aside or correct his sentence, pursuant to 28 U.S.C. 2255. We have read carefully the record in this case and the briefs of the parties. We affirm the decision of the district court essentially for the reasons given in its memorandum and order dated August 25, 1993. We add only the following. Simon claims that the record of his change of plea hearing indicates that the district court violated Fed. R. Crim. P. 11(c)(1) because it failed to establish that Simon entered his guilty plea with an understanding of the "nature of the charge[s] to which the plea [was] entered." Id. He __ also claims that the court failed to make a sufficient inquiry to "satisfy it[self] that there is a factual basis for the plea." Fed. R. Civ. P. 11(f). A failure to ascertain that Simon understood the charge to which he was pleading guilty would constitute a "core violation" of Rule 11 and mandate that the plea be set aside. United States v. Cotal-Crespo, No. 94-1354, slip op. at 7 _____________ ____________ (1st Cir. Jan. 30, 1995). "[W]e review the totality of the circumstances surrounding the Rule 11 hearing" and, in particular, "the substance of what was communicated by the trial court, and what should reasonably have been understood by the defendant, rather than the form of the communication." Id. __ Simon pled guilty to one count of possession of more than one hundred grams of heroin in violation of 21 U.S.C. 841(a)(1) and one count of engaging in a continuing criminal enterprise in violation of 21 U.S.C. 848. Although the court asked Simon whether he understood the nature of the charges to which he was pleading guilty, and Simon responded in the affirmative, the court neither read the charges to Simon nor explained to him the specific elements of either count. However, the prosecutor's statement of the evidence which would have been offered at trial clearly described facts which set forth all the elements of each offense to which Simon pled guilty and the conduct by Simon which constituted each offense. Simon admitted to having "participated in the offenses charged [in the two counts to which he pled guilty] in the ways indicated in that summary of the evidence." Since no "exceptional circumstances" exist which indicate otherwise, see, e.g., United States v. ___ ___ _____________ Ruiz-Del Valle, 8 F.3d 98, 103-04 (1st Cir. 1993) (finding _______________ change of plea hearing defective because charge was neither read nor explained and defendant during plea hearing made ___ statement which should have put court on notice she did not understand charge), the prosector's statement is sufficient evidence that Simon understood the charges to which he -3- entered a plea. Cotal-Crespo, slip op. at 10. It is also a ____________ sufficient for finding that there was a factual basis for the plea. See United States v. Fountain, 777 F.2d 351, 355 (7th ___ _____________ ________ Cir. 1985), cert. denied, 475 U.S. 1029 (1986). ____ ______ Affirmed. ________ -4-