**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                                    No. 95-5592

VICTOR MANUEL VALE,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-95-23)

Submitted: October 8, 1996

Decided: November 18, 1996

Before HALL, MURNAGHAN, and WILLIAMS, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

William T. Harville, Norfolk, Virginia, for Appellant. Helen F. Fahey,
United States Attorney, Fernando Groene, Assistant United States
Attorney, Norfolk, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

On the morning of his trial, Victor Manuel Vale decided to plead guilty under a plea agreement to one count of attempted possession with intent to distribute in excess of 500 grams of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 846 (1994). The district court conducted a thorough Fed. R. Civ. P. 11 colloquy and determined that Vale knowingly and voluntarily pled guilty to the crime. The court carefully reviewed the contents of the plea agreement with Vale. Three months later at his sentencing hearing, Vale moved to withdraw his guilty plea, alleging that he had been coerced into pleading guilty because the Government threatened to reindict him and the mother of his daughter if he did not plead guilty. The district court denied his motion and sentenced him. Vale alleges on appeal that the district court erred by denying his motion without conducting an evidentiary hearing. The Government moved to dismiss the appeal. We deny the motion to dismiss and affirm the district court's denial of Vale's motion to withdraw his guilty plea.

The Government's motion to dismiss is based on Vale's waiver of his right to appeal any sentence imposed by the district court, as set forth in his plea agreement. Because Vale only appeals the district court's order denying his motion to withdraw his guilty plea under Fed. R. Crim. P. 32(d), however, we deny the Government's motion to dismiss.

We review a district court's refusal to allow a defendant to withdraw a guilty plea for an abuse of discretion. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995). A defendant does not have an absolute right to withdraw a guilty plea. United States v. Ewing, 957 F.2d 115, 119 (4th Cir.), cert. denied, 505 U.S. 1210 (1992). Rather, the defendant must present a "fair and just reason" for the withdrawal. Fed. R. Crim. P. 32(e). A "fair and just reason" is one that "essentially challenges . . . the fairness of the Rule 11 proceeding." United States v. Lambey, 974 F.2d 1389, 1394 (4th Cir. 1992) (in banc), cert. denied, ___ U.S. ___, 63 U.S.L.W. 3460 (U.S. Dec. 12, 1994) (No. 94-6055). An appropriately conducted Rule 11 proceeding raises a strong presumption that the guilty plea is final and binding. Id.

2

We consider several factors in determining whether a defendant may withdraw a guilty plea: (1) whether there was a delay between the entry of the plea and the filing of the motion; (2) whether the defendant was assisted by competent counsel; (3) whether the defendant credibly asserted his legal innocence; (4) whether the defendant offered credible evidence that his plea was not knowing or voluntary; (5) whether the withdrawal will prejudice the government; and (6) whether the withdrawal will inconvenience the court and waste judicial resources. United States v. Moore, 931 F.2d 245, 248 (4th Cir.), cert. denied, 502 U.S. 857 (1991). The defendant carries the burden of establishing a fair and just reason for withdrawal, even if the government has not shown prejudice. Lambey, 974 F.2d at 1393-94.

Consideration of these factors weighs against Vale. First, over three months elapsed between the time he entered his plea and the time he moved to withdraw the plea. See United States v. Craig, 985 F.2d 175, 178 (4th Cir. 1993) (holding that eight weeks between guilty plea and motion militates against withdrawal). Second, Vale does not assert that he had incompetent counsel. Third, Vale never credibly asserted his legal innocence in the face of voluminous, uncontested, and credible evidence to the contrary. See generally United States v. Haley, 784 F.2d 1218, 1219 (4th Cir. 1986). Fourth, Vale failed to offer credible evidence that his plea was not knowing and voluntary. The district court fully complied with the requirements of Rule 11 and specifically asked Vale whether he had been coerced or threatened into pleading guilty. Vale answered that he had not. As this court stated in Lambey, an "appropriately conducted Rule 11 proceeding . . . raise[s] a strong presumption that the plea is final and binding." 974 F.2d at 1394. Fifth, granting Vale's motion would prejudice the Government because Vale did not plead until the morning of trial, and twelve of the Government's fifteen witnesses were from outside the court's district and one witness was scheduled to be transferred to Buenos Aires, Argentina, a week after trial. Finally, the district court viewed the motion to withdraw the plea as an attempt to manipulate the court. Accordingly, we find that Vale has failed to meet his burden of showing a fair and just reason to permit withdrawal of his plea under Fed. R. Civ. P. 32(d).

That the district court failed to conduct an evidentiary hearing to determine the factual basis of Vale's plea does not alter this result.

3

Vale never requested such a hearing, and a defendant does not automatically get an evidentiary hearing as a matter of right when he seeks to withdraw a guilty plea. Moore, 931 F.2d at 248. Although "'evidentiary hearings should be liberally granted prior to sentencing,'" the hearing need only be granted when a "'fair and just reason' for withdrawal is presented." Id. (quoting United States v. Fountain, 777 F.2d 351, 358 (7th Cir. 1985), cert. denied , 475 U.S. 1029 (1986)). Vale has failed to make such a showing and therefore we affirm the district court's denial of the motion.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

4