UNITED STATES of America,
Plaintiff–Appellee,

v.

Terry L. SIMPSON, Defendant–
Appellant.

No. 02–3179.

United States Court of Appeals,
Sixth Circuit.

Nov. 13, 2003.

David O. Bauer, Asst. U.S. Attorney, U.S. Attorney's Office, Toledo, OH, for Plaintiff–Appellee.

Robert J. Dunn, Bay City, MI, for Defendant–Appellant.

Before: BOGGS, Chief Circuit Judge; and NELSON and COLE, Circuit Judges.

## PER CURIAM.

Terry Simpson appeals from his conviction for conspiracy to possess and distribute cocaine in violation of 21 U.S.C. § 846, on the ground that his guilty plea was involuntary. For the reasons that follow, we affirm Simpson's conviction.

Following an indictment, Simpson signed a written plea agreement and entered a plea of guilty to the charge against him. In his plea agreement, Simpson stipulated to the elements of the offense and stated that he was knowingly and voluntarily waiving his rights and entering a plea of guilty. At a plea hearing that same day, October 12, 2001, the district court accepted his plea of guilty following a lengthy colloquy. The sole issue before

this court today is whether Simpson's plea was in fact voluntary, despite his ambivalence during the colloquy.

The plea agreement stipulated that "the defendant conspired to possess with intent to distribute at least 539 grams of cocaine base and 333 grams of cocaine powder." Plea Agreement ¶ 11, JA 29. Simpson was reluctant to stipulate orally to these facts at the colloquy. He was asked twice during the hearing whether he agreed to this paragraph 11.

The first exchange was as follows:

THE COURT: Do you stipulate and agree to [paragraph 11]?

DEFENDANT: No, I wouldn't want to agree to it, but—

THE COURT: Well, if you don't agree to it, then I'm not going to accept the plea agreement. You better discuss this with Mr. Cocoves [Simpson's attorney]. It's part of the plea agreement.

DEFENDANT: I have discussed it with him, but from his understanding, he don't [sic] think I stand a chance against it.

THE COURT: ... No one at all is forcing you to accept a plea agreement, not the government, not Mr. Cocoves, not me. It is entirely up to you. The question I ask you is, do you agree to the terms and conditions of the plea agreement, and in particular, the paragraph 11?

DEFENDANT: Yes.

JA 51–52. Mr. Cocoves then interjected, "I think when what Mr. Simpson is trying to say, he's not jumping up and down excited about this plea agreement.... He's willing to go forward with it." Simpson agreed with this as well. *Ibid.*

On the second occasion, Simpson made his disagreement more specific (JA 58):

[A]ll I can say is I know better than to be driving to Texas and buy some crack cocaine and try to come back all the way to Lima, Ohio. That's a lie, but it seems like right now I can't do anything about it.

After a recess with his family and attorney, Simpson returned and was asked:

"Mr. Simpson, you heard [the prosecutor's] statement of the government's position. I will ask you again, do you disagree with any part of this statement or wish to make any additional statement?" Simpson responded: "No." JA 59. Simpson then stated his guilty plea, which the court accepted. JA 60.

Simpson now contends that the trial court erred by not requiring him to state in his own words the nature of his wrongful acts, thus establishing the voluntary nature of his plea. But it is obvious that Simpson did agree to the plea agreement. Simpson never expressed any reluctance to accept the plea agreement as a whole. He merely resisted implicitly endorsing certain facts underlying, but not stated in, the plea agreement. ("I know better than to be driving to Texas and buy some crack cocaine and try to come back all the way to Lima, Ohio. That's a lie.") Even so, he finally endorsed the facts stated in the plea agreement.

Simpson refers this court to Rule "11(e)(6)(D)(f)" of the Federal Rules of Criminal Procedure. Simpson Br., 9. There is no such rule, but from context it appears that Simpson was referring to former Rule 11(f), which read "[n]otwithstanding the acceptance of a plea of guilty, the court should not enter a judgment on such a plea without making such inquiry as shall satisfy it that there is a factual basis for a plea." Fed.R.Crim.P. 11(f) (1999); (replaced by Fed.R.Crim.P. 11(b)(3) (2002) ("[b]efore entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea.")). This Rule states on its face that it does not govern acceptance of a guilty plea, but only the entry of judgment. Moreover, it has nothing to do with voluntariness of the plea, which is a separate requirement set forth in Rule 11(b)(2), former Rule 11(c).

The purpose of Rule 11(b)(3), former 11(f), is "to ensure the accuracy of the plea." *United States v. Tunning,* 69 F.3d 107, 111 (6th Cir.1995) (quoting *United States v. Fountain,* 777 F.2d 351, 357 (7th Cir.1985)). The courts will not impose criminal penalties on a defendant, even one who insists that he is guilty, if there is no evidence that he performed acts constituting the subject crime. But Simpson now contests his conviction based on voluntariness, not on the lack of an adequate factual basis, and this court will not second-guess this choice.

Even had Simpson appealed on the basis of the lack of an adequate factual basis, it is clear that there was an adequate basis for his plea, in that Simpson did—however reluctantly—endorse the specific facts stipulated in paragraph 11 of his plea agreement, first in writing and, ultimately, repeatedly at colloquy. Simpson suggests that when a defendant shows such ambivalence, the court should make him state in his own words what happened. *Cf. Tunning,* 69 F.3d at 108 (voluntary statement in defendant's own words is "ideal method" of satisfying Rule 11(b)(3), but not the only method). Simpson offers us no guidance as to exactly how reluctant a defendant should be to confront his deeds before the court must ask him to re-state the facts extemporaneously, and Rule 11(b)(3) does not imply any such requirement. But we need not now resolve this issue, because Simpson appealed on the basis of voluntariness alone.

Simpson pled guilty. He did so in writing and orally, and after the judge explained his rights and expressly told him "[i]t is entirely up to you." Nothing in the record raises any doubt that he pled voluntarily and knowingly. Therefore, the district court's judgment of conviction is AFFIRMED.