**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Elazer WHITLEY, Jr.,
Defendant–Appellant.**

No. 89–2455.

United States Court of Appeals,
Seventh Circuit.

Argued May 9, 1990.

Decided June 20, 1990.

164

field. We were informed at oral argument that Knickerbocker entered a guilty plea in state court to two counts of official misconduct and has been sentenced to two years imprisonment.

Whitley's and Knickerbocker's histories cross. Knickerbocker, while still working at the crime lab, ran the lab analyses on Whitley's packets and then testified against him. That, says Whitley, raises doubts relating to the evidence used to convict, as to chain of custody, the accuracy of the lab results, and the veracity of Knickerbocker's testimony. Accordingly, Whitley wants a new trial.

Knickerbocker is a stain on the record of the state crime lab. And an indelible one. When evidence is tampered with justice is compromised. At least he was caught. And, fortunately, there is no reason to believe that he tampered with the evidence in this case or that Whitley's conviction wasn't just.

When Whitley filed his motion for a new trial, the district court held a hearing and Knickerbocker was called to the stand. He testified that he had an independent recollection of Whitley's case, as it was the only federal case he had testified in, and he specifically denied altering the evidence in any way. If that testimony were the only assurance we had that the evidence had not been altered, we might worry. But we do not have to rely solely on Knickerbocker's assurances. Samples from the packets seized in Whitley's apartment were field tested before they ever got to the crime lab. At the crime lab, Knickerbocker ran chemical analyses on sample amounts. His results were positive for cocaine and heroin. After the state discovered Knickerbocker's crimes, a second forensic chemist, Eileen Taylor, was called in to reanalyze all the remaining evidence in cases Knickerbocker had been involved with, including this one. Her tests of samples from Whitley's packets confirmed Knickerbocker's; she too concluded that the powders were heroin and cocaine. And the arresting officer testified at trial that the packets were

Thomas E. Karmgard, Asst. U.S. Atty., Office of the U.S. Atty., Danville, Ill., for plaintiff-appellee.

Michael Q. Jones, Urbana, Ill., for defendant-appellant.

Before POSNER and FLAUM, Circuit Judges, and WILL, Senior District Judge.[*]

WILL, Senior District Judge.

Elazer Whitley was a pusher in Champaign–Urbana, Illinois, until the police found several dozen small packets with brown and white powder in his apartment. He was tried and convicted in federal court on all counts of a four-count indictment for possession of heroin and cocaine with the intent to distribute, 21 U.S.C. § 841(a)(1), and for firearms offenses, 18 U.S.C. §§ 924(c) and 922(g)(1).

Cliff Knickerbocker worked as a forensic chemist for the Illinois State Police, until he was arrested and charged with filching cocaine from the state crime lab in Spring-

[*] The Honorable Hubert L. Will of the United States District Court for the Northern District of Illinois, Eastern Division, is sitting by designation.

in substantially the same condition when he got them back from Springfield as when he sent them in.

It bears noting, too, that while Whitley pleaded not guilty on the drug counts, his counsel never argued or introduced evidence at trial to suggest that the powders were anything but heroin and cocaine. Nor did he ever suggest that Whitley had been framed and the packets planted in his apartment. We have no doubt that the substances found in Whitley's apartment were in fact heroin and cocaine. In addition, the quantities the Champaign County Police handed over to Knickerbocker are apparently substantially the same as those he handed back. But the government did not have to prove possession of any specific amount of heroin and cocaine to convict. Quantity is not a substantive element of a § 841(a) offense. Any "measurable amount" will do. *United States v. Acevedo*, 891 F.2d 607, 611 (7th Cir.1989).

Whitley presses one last argument for a new trial. He says that on the basis of what is now known, in a new trial in front of a new jury he would attack Knickerbocker's testimony by introducing evidence, under Rule 609, of Knickerbocker's guilty plea. That evidence might be impeaching but would not "probably lead to an acquittal in the event of a retrial." *Jarrett v. United States*, 822 F.2d 1438, 1445 (7th Cir.1987).

In sum, the district court judge did not abuse his discretion by denying Whitley's motion for a new trial.

■ Next, Whitley attacks the sufficiency of the evidence on the weapons counts—for "possession," § 922(g), and for "use" "during and in relation to" drug trafficking, § 924(c)(1).[1] As to possession, he says there was no evidence to tie him to the gun the police found except its proximity to him when they entered his apartment. The gun was a 75–year–old, .38 caliber Colt revolver, loaded with .32 caliber bullets—not, argues Whitley, the kind of gun a pusher would use to protect a cocaine or heroin business. The police found it on the floor,

under a bag of clothes, a few feet from Whitley. At trial, Whitley's girlfriend, Terry Gordon, testified that the gun was hers. She said she ran to get it from the bedroom closet when she heard keys jingling at the apartment door and hid it under the bag when she realized the noise was the police. A rational jury could, however, have found the essential elements of "possession" beyond a reasonable doubt. The jury was free to credit or not Gordon's credibility, which had some holes in it, and the circumstantial evidence that Whitley exercised dominion and control over the gun, even if he didn't own it, was substantial. It was in his apartment almost within his reach when the police barged in.

■ A rational jury also could have found the essential elements of § 924(c) "use" beyond a reasonable doubt, as those elements were defined in the instructions. The district court instructed the jurors to return a guilty verdict for "use of a firearm in relation to a drug trafficking offense, as charged in Count III" if they found that Whitley "possessed a firearm … and had the firearm with him for protection and to facilitate the likelihood of success of a federal drug trafficking offense." Trial Transcript at 389. Cf. *United States v. Poole*, 878 F.2d 1389, 1392–94 (11th Cir.1989); *United States v. Theodoropoulos*, 866 F.2d 587, 595–97 (3d Cir. 1989); *United States v. Feliz–Cordero*, 859 F.2d 250, 254 (2d Cir.1988); *United States v. Stewart*, 779 F.2d 538, 540 (9th Cir.), *cert. denied*, 484 U.S. 867, 108 S.Ct. 192, 98 L.Ed.2d 144 (1987); *United States v. Gridley*, 725 F.Supp. 398 (N.D.Ind.1989). Whitley has not challenged that instruction, so we review only for sufficiency of the evidence and once again save for another day a decision about the outer limits of 924(c). See *United States v. Edun*, 890 F.2d 983 (7th Cir.1989); *United States v. Rosado*, 866 F.2d 967, 969–70 (7th Cir.), *cert. denied*, —— U.S. ——, 110 S.Ct 117, 107 L.Ed.2d 79 (1989).

---

**1.** Section 924(c)(1) punishes anyone who "uses or carries" a firearm during and in relation to drug trafficking or any crime of violence. Whitley was only indicted on the "uses" prong.

Whitley's argument is that there is no evidence as to use and that this case is indistinguishable from *Feliz–Cordero.* During a search of Cordero's apartment, the police turned up drugs, drug records, cash, a beeper, and a .38 Smith & Wesson revolver in a bedroom dresser drawer, after which Cordero was convicted on several counts including use of a gun during drug trafficking in violation of 924(c). The Second Circuit held that the 924(c) conviction would have been lawful if there had been proof that Cordero had "intended to have [the gun] available for use" or if it had been "strategically located so as to be quickly and easily available for use" during a drug transaction but reversed "on the evidence presented" because:

> there is no basis to conclude that the gun would have been quickly accessible if needed.... [U]nder the circumstances ... the intent to use the firearm must be presumed from the fact that a loaded gun was found in the same room as drug paraphernalia during the course of a search pursuant to a warrant. This is not sufficient evidence to sustain a conviction, even in light of our recognition of the frequent connection between firearms and narcotics trafficking.

859 F.2d at 254. That is not this case. The gun in Whitley's apartment wasn't out of reach in a dresser drawer or coincidentally in the same room as Whitley and the drugs. It was easily accessible under the clothes bag, and available for a reason, and there was sufficient evidence for the jury to find that each of the elements set out in the court's instruction—possession, for protection, and to facilitate trafficking—had been proved by the government and beyond a reasonable doubt.

■ Finally, Whitley contests his sentencing as a convicted felon in possession of a firearm under 922(g)(1). Section 922(g) requires proof of a prior "conviction," but exempts

> [a]ny conviction ... for which a person ... has had civil rights restored ... unless such ... restoration of civil rights expressly provides that the person may not ... possess ... firearms.

18 U.S.C. 921(a)(20). Whitley argues that the prior conviction which was counted against him, an Illinois conviction for burglary, doesn't fit the definition of "conviction" under 921(a)(20) because his "civil rights" were restored by Illinois law after he completed his sentence and was released from prison. Illinois law does provide for restoration of rights upon completion of a sentence. Ill.Rev.Stat. ch. 38, para. 1005–5–5 (West.Supp.1989–90). Felons who have served their terms do, for instance, regain the right to vote and to hold office. *Id.,* para. 1005–5–5(b, c). But the right to "knowingly possess ... any firearm" is expressly *not* restored. Ill.Rev.Stat. ch. 38, para. 24–1.1(a) (West Supp.1989–1990). Whitley's burglary conviction was a conviction within the meaning of sections 922(g) and 921(a)(20).

The judgment of the district court is Affirmed.