956 F.2d 1165
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Paulette BROWN, Defendant/Appellant.
 No. 91-2110.
 United States Court of Appeals, Seventh Circuit.
 Submitted Feb. 18, 1992.*
Decided March 10, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Paulette Brown's apartment was searched pursuant to a warrant on December 19, 1989. When the police officers entered Brown's apartment, they saw her standing next to the kitchen counter. She was wearing a pouch around her waist which contained $1,480.00 in cash. On top of the kitchen counter lay 4.4 grams of cocaine, cutting agents, a scale, a mirror, a pipe, and plastic baggies. The officers also observed a purple Crown Royal Bag lying on top of the counter approximately two feet from the cocaine. One of the officers opened the bag and discovered a loaded .22 caliber revolver. A search of the entire apartment yielded more scales, baggies, and glass pipes. Additionally, the officers found a grinder (for grinding rock cocaine into powder), a police scanner, a machine that seals plastic bags, vials, and several notebooks containing handwritten arithmetical notations.
 
 
 2
 Brown was arrested and charged with possession of cocaine with intent to distribute, 21 U.S.C. § 841(a)(1), use of a firearm in relation to a drug trafficking crime, 18 U.S.C. § 924(c), and possession of a firearm by a convicted felon, 18 U.S.C. § 922(g).[1] Brown filed a motion to suppress the .22 caliber revolver on the ground that the seizure of the weapon exceeded the scope of the warrant. After a hearing, the district court denied Brown's motion on the ground that the officers lawfully seized the weapon in plain view. A jury convicted Brown of all three charges. Brown received a total sentence of 81 months' imprisonment. Brown appeals.
 
 
 3
 First, Brown challenges the seizure of the .22 caliber revolver. We note that the district court's decision to deny Brown's motion to suppress will not be overturned unless it is clearly erroneous. United States v. Somers, No. 90-1318, slip op. at 8 (7th Cir. Dec. 12, 1991). In addition, we accord the district court's findings special deference because of its unique opportunity to observe the demeanor of the witnesses during their testimony. United States v. Sewell, 942 F.2d 1209, 1211 (7th Cir.1991). Brown contends that since the search warrant did not mention firearms the police officers unlawfully seized the .22 caliber revolver.[2] Further, she argues that the Crown Royal Bag containing the weapon was not in plain view. In support, Brown points to her own testimony and the testimony of defense witness Michelle Pickens that when the police officers searched her apartment the Crown Royal Bag was not on the kitchen counter, but underneath a box on the kitchen floor. The district court chose to reject Brown's rendition of the facts and credit the police officers' testimony that when they entered Brown's apartment they observed the Crown Royal Bag on the kitchen counter amid cocaine and drug paraphernalia. We will not disturb the district court's credibility determinations absent exceptional circumstances, none of which is present in this case. United States v. Cardona-Rivera, 904 F.2d 1149, 1152-53 (7th Cir.1990).
 
 
 4
 We agree with the district court that the police officers lawfully seized the .22 caliber revolver under the plain view doctrine. A warrantless seizure of evidence is justified if the intrusion allowing the plain view of the contested object is lawful, the object's incriminating nature is "immediately apparent," and the officer has a "lawful right of access to the object itself." United States v. Richards, 937 F.2d 1287, 1292 (7th Cir.1991) (citing Horton v. California, 110 S.Ct. 2301, 2308 (1990)). It is uncontested that the police officers entered Brown's apartment pursuant to a lawful search warrant. Once inside the apartment, the police officers spotted the Crown Royal Bag lying on top of the kitchen counter in plain view. The police officers had a lawful right of access into the Crown Royal Bag because the warrant, which explicitly authorized a search for cocaine, also implicitly permitted the officers to search any items where the cocaine might be secreted. United States v. Barnes, 909 F.2d 1059, 1069 (7th Cir.1990). Finally, the cocaine and drug trafficking paraphernalia surrounding the loaded .22 caliber revolver made its incriminating nature readily apparent to the police officers. United States v. Reed, 726 F.2d 339, 344 (7th Cir.1984) (seizure of weapons "did not exceed scope of valid search warrant as police could reasonably believe that the guns were involved in cocaine dealing as evidenced by the items discovered during the search"); see also United States v. Alvarez, 860 F.2d 801, 829-30 (7th Cir.1988) (recognizing firearms as common tools of the drug trade). Thus, the police officers' seizure of the weapon was authorized by the doctrine of plain view.
 
 
 5
 Next, Brown challenges the sufficiency of the evidence to convict her of possession with intent to distribute and using or carrying a firearm in relation to a drug trafficking crime.[3] Brown bears a heavy burden in challenging the sufficiency of the evidence. United States v. Duarte, No. 91-1203, slip op. at 5 (7th Cir. Dec. 10, 1991). Brown's convictions will be affirmed unless no reasonable fact-finder could have found the essential elements of the charged crimes beyond a reasonable doubt. Id. Of course, in reviewing Brown's claim, we view the evidence in the light most favorable to the government. Id.
 
 
 6
 Brown argues that the evidence was insufficient as a matter of law to establish her intent to distribute cocaine because the amount she possessed (4 1/2 grams) is inconsistent with distribution. At trial, Brown maintained that she possessed the cocaine for personal consumption. She told the jury that she is a cocaine addict who has been free basing cocaine for the last ten years and that she could consume the seized amount herself in less than two hours.
 
 
 7
 The jury was free to reject Brown's testimony. See United States v. Jones, No. 90-3498, slip op. at 10-11 (7th Cir. Dec. 19, 1991) ("[t]his court has consistently held that in a swearing contest, the jury's choice of who to believe is conclusive on the appellate court unless the fact-finder credits exceedingly improbable testimony"). Viewing the evidence in the government's favor, substantial evidence existed from which the jury could infer that Brown intended to distribute the cocaine. Brown is correct that her possession of the 4 1/2 grams of cocaine, standing alone, is insufficient evidence to support an inference of her intent to distribute. See United States v. Tanner, 941 F.2d 574, 586 (7th Cir.1991) ("mere possession of a small quantity [of drugs] may be as indicative of personal use as distribution"). However, in this case, the police discovered more incriminating evidence than the 4 1/2 grams of cocaine. A search of Brown's apartment revealed that it was loaded with paraphernalia consistent with the distribution of drugs. See United States v. Molinaro, 877 F.2d 1341, 1345 (7th Cir.1989) (scales, baggies, and cutting agents support an inference of an intent to distribute cocaine); United States v. Douglas, 874 F.2d 1145, 1151 (7th Cir.1989). Moreover, the police officers found a loaded .22 caliber revolver near the cocaine. See Tanner, 941 F.2d at 1152 ("drug possession in conjunction with the possession of weapons supports the inference of intent to distribute"). Despite the small amount of cocaine involved, the evidence in this case supported the jury's verdict that Brown intended to distribute the cocaine.[4] See United States v. Garrett, 903 F.2d 1105, 1113 (7th Cir.1990) (in light of other evidence, 3.5 grams of cocaine was held a distributable amount).
 
 
 8
 Last, Brown contends that insufficient evidence supported the jury's verdict that she used or carried a firearm in relation to a drug trafficking offense. In light of our holding that sufficient evidence supported Brown's conviction for possession with intent to distribute, Brown's contention that there was no evidence that she engaged in a drug trafficking crime is without merit. See 18 U.S.C. § 924(c) (for purposes of Guidelines § 924(c), a "drug trafficking crime" is any felony punishable under the Controlled Substances Act (21 U.S.C. § 801 et sez.)).
 
 
 9
 Brown also contends that there was no evidence from which the jury could find that she "used" or "carried" the seized weapon. Brown testified that she possessed the weapon for safety reasons. She presented evidence that she lived in a high crime area and that she had recently been burglarized. This may be true. But, sufficient evidence existed to support the jury's decision to reject Brown's explanation for her possession of the weapon.
 
 
 10
 To support a conviction under 18 U.S.C. § 924(c), the government need only demonstrate that Brown "possessed or had control of a firearm during the commission of the underlying crime," and that she had the opportunity to use or display the weapon. United States v. Bafia, No. 89-2167, slip op. at 16 (7th Cir. Dec. 10, 1991). In other words, "we will find that a defendant intended to use a firearm in facilitation of a drug related crime " 'if it [is] strategically located so as to be quickly and easily available for use during a drug transaction....' " United States v. Wilson, 938 F.2d 785, 791 (7th Cir.1991) (quoting United States v. Whitley, 905 F.2d 163, 166 (7th Cir.1990)). Here, a .22 caliber revolver in a cloth bag was strategically located on Brown's kitchen counter only two feet from her stash of cocaine and drug trafficking paraphernalia. This gun was loaded and easily accessible to Brown for protection or intimidation should any problems arise during a drug transaction. Wilson, 938 F.2d at 791. We conclude that sufficient evidence existed from which the jury could reasonably infer that Brown "used" the .22 caliber revolver in relation to a drug related offense.[5]
 
 
 11
 For the reasons stated herein, the district court's decision is affirmed.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied and the appeal is submitted on the briefs and record
 
 
 [1]
 Brown had previously been convicted of felony theft
 
 
 [2]
 The warrant authorized a search for "a Sony telephone, a Sony answering machine, a Sony compact disc player, cocaine, substances appearing to be cocaine, scales, cutting agents, packaging materials used to manufacture or deliver cocaine, money found in close proximity to cocaine, or books, ledgers, or notations concerning the delivery of cocaine."
 
 
 [3]
 Brown does not challenge her conviction for possession of a firearm by a convicted felon
 
 
 [4]
 Brown makes reference to several cases from other circuits in support of her claim. However, her reliance on these cases is misplaced. United States v. Gibbs, 904 F.2d 52 (D.C.Cir.1990) and United States v. Levy, 703 F.2d 791 (4th Cir.1983) deal with the propriety of giving an instruction for the lesser-included offense of simple possession. United States v. Boissoneault, 926 F.2d 230 (2d Cir.1991) and United States v. Latham, 874 F.2d 852 (1st Cir.1989) are distinguishable from Brown's case because in those cases there was no evidence of drug trafficking
 
 
 [5]
 We need not address whether Brown also "carried" the gun in violation of § 924(c) because § 924(c) requires only that the government show that the defendant "used" or "carried" the gun. Wilson, 938 F.2d at 791