986 F.2d 1425
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Gene K. HARRISON, Defendant/Appellant.
 No. 92-2490.
 United States Court of Appeals, Seventh Circuit.
 Submitted Jan. 28, 1993.
Decided Feb. 22, 1993.
 
 Before CUMMINGS, CUDAHY and MANION, Circuit Judges.
 
 ORDER
 
 1
 After a jury trial, Gene Harrison was found guilty of possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1), 21 U.S.C. § 846, and 18 U.S.C. § 2, and use of a firearm in relation to a drug-trafficking offense in violation of 18 U.S.C. § 924(c) and 18 U.S.C. § 2. He was sentenced to eighty-one months of incarceration, ordered to pay a special assessment of $100.00, and placed on supervised release for a period of three years following his prison term.
 
 
 2
 On appeal, Harrison's appointed counsel filed a motion to withdraw and a supporting Anders brief explaining why he believes that any appeal would be frivolous. See Anders v. California, 386 U.S. 738 (1967); United States v. Edwards, 777 F.2d 364 (7th Cir.1985).[1] Pursuant to Circuit Rule 51(a) we informed Harrison of his right to respond to the motion, and he responded. The Anders brief and Harrison's response raise a single potential issue: whether the evidence was sufficient for the jury to find Harrison guilty of using a firearm in relation to the offense of possession with intent to distribute cocaine.
 
 
 3
 Before we grant a motion to withdraw under Anders we must find that counsel has provided the client with a diligent and thorough search of the record for any arguable claim that might support the client's appeal. Also, we must agree with counsel's determination that the appeal is frivolous. United States v. Williams, 894 F.2d 215, 217 (7th Cir.1990) (quoting McCoy v. Court of Appeals of Wisconsin, Dist. 1, 486 U.S. 429, 442 (1988)). We therefore consider the potential issue for an appeal raised by the Anders brief and Harrison's response, and we review the record to determine whether there are any other nonfrivolous issues for an appeal.
 
 
 4
 The challenge to the jury's finding that Harrison "used" the nine millimeter pistol within the meaning of 18 U.S.C. § 924(c)(1) has no merit. Section 924(c)(1) makes it illegal, "during and in relation to any ... drug trafficking crime," to "use[ ] or carr[y] a firearm." 18 U.S.C. § 924(c)(1). Harrison did not have to brandish or shoot his pistol to have "used" it. See United States v. Rosado, 866 F.2d 967, 969-70 (7th Cir.), cert. denied, 493 U.S. 837 (1989). A firearm is "used" under the statute if its presence increased the likelihood of success of the drug-trafficking offense as a means of protection or intimidation, United States v. Vasquez, 909 F.2d 235, 239 (7th Cir.1990), cert. denied, 111 S.Ct. 2826 (1991), or if its presence simply gave the defendant the security and confidence needed to complete the transaction. Id.; Rosado, 866 F.2d at 970. Harrison kept his pistol, sometimes loaded, on a shelf in the same room in which he sold cocaine to Kurt Ulrich, a witness for the government. The pistol was there, easily accessible and available for use if any contingency arose. Certainly, a loaded pistol kept in such a strategic location was "used" in relation to drug trafficking under the statute. See United States v. Bafia, 949 F.2d 1465, 1476 (7th Cir.1991), cert. denied, 112 S.Ct. 1989 (1992); United States v. Cooper, 942 F.2d 1200, 1208 (7th Cir.1991), cert. denied, 112 S.Ct. 1303 (1992); United States v. Whitley, 905 F.2d 163, 166 (7th Cir.1990).
 
 
 5
 Harrison cannot meritoriously argue that the pistol had no connection with the drug-trafficking crime for which he was convicted. The circumstances of this case belie such an assertion. When Harrison was not displaying his pistol on a shelf in his basement, he kept it in a hallway closet near the front door. That is where police found the loaded pistol when they executed the search warrant for Harrison's residence. A firearm need not be found on or near the defendant to have been used in relation to a drug-trafficking offense. United States v. Malin, 908 F.2d 163, 168 (7th Cir.), cert. denied, 111 S.Ct. 534 (1990). And this is not a case where a defendant fortuitously possessed a gun when committing an entirely unrelated crime. See United States v. Feliz-Cordero, 859 F.2d 250, 254 (2d Cir.1988). Drug trafficking is a dangerous and violent enterprise, and concealing a loaded semi-automatic pistol near the front door of a place where cocaine was present was not an innocuous oversight. Indeed, Special Agent Bradford Hays testified that, in his opinion, based on the evidence presented during the trial, the pistol was loaded and in the closet near the front door to facilitate drug trafficking.
 
 
 6
 In challenging the sufficiency of the evidence that supports the jury verdict, Harrison carries a heavy burden. We view the evidence in the light most favorable to the government, and we will affirm the conviction if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 319 (1979). We conclude that Harrison cannot meritoriously argue that no rational jury could have found that he used a firearm in relation to a drug-trafficking offense. Additionally, we have examined the entire record in this case, and have found no nonfrivolous issues that could be raised on appeal. Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.
 
 
 
 [1]
 Counsel's Anders brief leaves much to be desired in the way of substance and quality, and comes dangerously close to falling short of the standards set forth in Anders and Edwards